Wash, J.,
delivered the opinion of the Court.
Millington sued one Armstead Lawless by attachment before a Justice of the Peace in which suit Tiffin was summoned as garnishee. Judgment was given by the Justice against Lawless, and Tiffin was sworn and examined as garnishee, and had *296 judgment entered up against him for the amount of the judgment recovered against the defendant Lawless. Tiffin appealed to the Circuit Court, in which the cause was dismissed from the docket for want of notice of the appeal; and from this judgment of the Circuit Court in dismissing the cause, Tiffin has appealed to this Court. Two points are relied on by the counsel for the appellee.
First. That the notice given was not a notice in the cause, but in a different cause.
Second. That the notice which was given was not served by an authorized officer, nor served in the manner required by law.
The notice given is in these words: Mr. Jeremiah Millington. Take notice that I have taken an appeal to the next term of the circuit, of St. Louis county, from a judgment rendered against me by Patrick Walsh in a suit wherein you was plaintiff and I was defendant. Clayton Tiffin. Nov. 12th, 1832.” Upon which notice is the following endorsement: ic Executed by reading this notice to the within named J. Millington in the city of St. Louis, Nov. 13th, 1832. J. Cooper, Constable, by D. Busby, D. C.” The 23d section of an act establishing Justices’ Courts and regulating the collection of small debts, Rev. Code, p. 481, directs that “ the party appealing shall notify in writing the opposite party or his agent, &e.” It is contended, however, by the counsel for the appellant, that this provision of the 23d section above cited is repealed by the 34th section of an act to regulate proceedings at law, Rev. Code, p. 630, which provides “ that whenever in the progress of any cause a notice shall be required to be served, it may be served by any person being competent as a witness in the cause, and the affidavit of such person, sworn to before any competent person, shall be received as evidence of the facts therein stated, relating to the service, in the same manner as if stated in open Court; or such notice maybe served by the Sheriff, or other officer of the Court authorized to serve process, and shall be evidence of the facts therein stated; and the services of such notices shall be in the same manner as in case of a writ of summons.” This is the general law on the subject and does not profess to repeal any special law; the two enactments are perfectly consistent. The general law directs the manner of service in all cases not otherwise specially provided for. In such cases they are to be served as a writ of summons,, (i. e.) by reading a notice or leaving a copy, &c. The case before us was specially provided for, and the notice should have been in writing. In a late case decided at Fayette, this point came up and was so ruled by this Court. Nor was the service-made by an authorized officer: the person by whom the notice was served, was not the Sheriff, nor any officer of the Court authorized to serve process. The Constable of the city or township had no authority by virtue of his office to serve and return the notice, without affidavit of the facts relating to the service. Had the notice been in writing, it would not have been good without the proof of service required. If, however, the notice had been in writing and properly served* or proved, the first objection taken by the appellee’s counsel must have prevailed. It is obviously a notice which does not describe the cause, and belongs properly to some other suit between the parties. The Circuit Court did right, therefore, to dismiss the appeal, and its judgment is affirmed.