THE McGINNISS & INGELS HARDWARE COMPANY, Respondent, v. J. J. TAYLOR, Appellant.

### Kansas City Court of Appeals, June 14, 1886.

JUSTICE OF THE PEACE—NOTICE OF APPEAL—CASE ADJUDGED.—Where suit was brought in a justice's court against *J. J. Taylor;* and judgment was rendered by default; and defendant appealed to the circuit court, but gave notice of the appeal under the name of *C. C. Taylor;* and, on the motion of plaintiff for affirmance, defendant offered to prove that plaintiff never had any suit against any person by the name of Taylor, except defendant *J. J. Taylor,* which evidence was objected to and excluded, and the judgment of the justice was affirmed. *Held,* that the judgment was right and the notice of appeal was insufficient. *Held, further,* that the notice is a thing apart from the knowledge, which the party notified may have; and that the appellee may have actual knowledge of an appeal being taken, and yet is entitled to have the statutory notice; and that evidence *aliunde* the notice showing appellee's *understanding* of the notice should be rejected.

APPEAL from Vernon Circuit Court, HON. CHAS. G. BURTON, Judge.

*Affirmed.*

The case is stated in the opinion.

Scott & Hoss, for the appellant.

I.    The object of the notice was to inform the appellee that an appeal had been taken, and the notice was in substantial compliance with the statute. The plaintiff could not have been misled by it. Plaintiff *knew*, when it received this notice that it referred to *this case* and no other.

II.    The general rule in respect to notices is "that mere informalities do not vitiate them, so long as they do not mislead, and the notice gives the necessary information to the proper party." There is nothing in the notice that could mislead the plaintiff, and it was plain that the mistake in the initials was only a clerical error; and being put on inquiry he was *practically* notified of the appeal.

Stratton & Stone, and Gordon & Hoss, for the respondent.

I.    The notice should have described the cause and stated the fact that an appeal had been taken from the judgment therein specified. The notice here does not do this; but describes *some other cause*, and was, in no sense, a compliance with the statute.

II.    The court did right in sustaining the objection of plaintiff to the introduction of verbal testimony to show that respondent had no other suit against any Taylor than J. J. Taylor. The statute in reference to notice of appeal from justices of the peace is mandatory, and should have been complied with. Sect. 3055, Rev. Stat.; *Tiffin v. Millington* 3 Mo. 224; *side* page 419 (misreported as to *syllabus*).

Ellison, J.—This is an action instituted by plaintiff against defendant for the price of a coffin furnished

defendant for the burial of his deceased wife. Judgment by default was had before the justice of the peace and defendant appealed to the circuit court. The notice of appeal is as follows :

"The McGinnis & Ingels Hardware Company, Plaintiff,
vs.
"C. C. Taylor, Defendant.
⁓ Center Township, Vernon County, Missouri.
"*To Plaintiff:* —

"You are hereby notified that an appeal has been taken from the judgment of the justice rendered in the above entitled cause to the circuit court of said Vernon county, returnable to the May term, 1885.

"C. C. TAYLOR, Defendant,
"By SCOTT & HOSS, with MURRAY."

Plaintiff appeared specially in the circuit court, for the purpose of its motion to affirm the judgment of the justice. Pending the motion, defendant "offered to prove by the plaintiff that it had but one suit against any person by the name of Taylor, and that it never had any suit against any person by the name of Taylor, except the defendant J. J. Taylor." The court sustained an objection to this evidence and affirmed the judgment of the justice.

The only question in the case is as to the sufficiency of the notice of appeal. It will be observed that the style of the cause and the signature, in the notice, is C. C. Taylor, while the judgment before the justice was J. J. Taylor.

In the case of *Tiffin v. Millington* (3 Mo. 418), the action was originally by attachment, Millington being plaintiff and one Lawless being defendant. Tiffin was summoned as garnishee. Judgment was given, by the justice, against Lawless and judgment was also entered up against Tiffin for the amount of the judgment against Lawless. Tiffin appealed to the circuit court, and gave the following notice of appeal: "Mr. Jeremiah Millington, take notice that I have taken an appeal to the next term of

the circuit court of St. Louis county from a judgment rendered against me by Patrick Walsh in a suit wherein you were plaintiff and I was defendant. Clayton Tiffin, November 12, 1832." The court says of this notice that "it is obviously a notice which does not describe the cause, and belongs properly to some other suit between the parties." It was so held because Tiffin described himself as defendant, whereas Lawless was the defendant. It would appear from this that great particularity is required in such notice. And so it, stated in Wade on Notice (sect. 1211). It is evident that the notice is a thing apart from the knowledge, which the party to be notified, may have.

The appellee may have actual knowledge of an appeal being taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice must describe the cause in which the appeal is taken.

If the appellee's knowledge of the appeal does not affect the matter, it would seem that evidence *aliunde* the notice, showing that the appellee understood to what the notice referred, should be rejected.

The judgment is affirmed. All concur.