LOUIS A. CELLA, Respondent, v. HENRY SCHNAIRS, Appellant.

St. Louis Court of Appeals, November 25, 1890.

1. **Justices of the Peace**: NOTICE OF APPEAL. The notice which an appellant is required to give to the appellee, on an appeal from a justice of the peace, must be signed.

2. ———: ———: WAIVER OF OBJECTIONS. If the attorney of the appellee accepts an unsigned notice of such an appeal, with knowledge of its purpose, he waives all objection to its being unsigned.

3. ———: ATTACHMENT: ENTRY OF JUDGMENT. The statute, requiring a justice of the peace to render judgment, and enter the same on his docket within three days after the cause shall have been submitted to him, does not require the judgment on the merits in an attachment suit to be entered within three days after the submission of the issues under the plea in abatement.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Thomas B. Estep*, for appellant.

(1) The statute requires that the notice of appeal shall be in writing. It nowhere requires that this written notice shall be "signed," but only requires that the notice shall be "served," or by "delivering" a copy to the appellee or his attorney. R. S. 1889, sec. 6342; *Jordan v. Bauman*, 28 Mo. App. 608. (2) The appellee's attorney having accepted the notice March 5, 1890, and evidencing that acceptance by his own signature, attached to the written notice itself, appellee must be deemed to have waived any informality or irregularity (if any existed) thereby. Wade on Notice [2 Ed.] pp. 499–504; *Hollister v. Ins. Co.*, 118 Mass. 481. (3) Appellee, having received and accepted, in writing, the written notice handed him, is estopped from denying that he had notice. *Steele v. Ins. Co.*, 3 Mo. App. 207; *Speck v. Riggin*, 40 Mo. 405; *Hayward v. Ins. Co.*, 52 Mo. 181; Wade on Notice [2 Ed.] secs. 184, 185, 829. (4) The cause was tried before the justice January 2, 1890, taken under advisement to January 7, 1890, and then decided. Having waited more than three days before rendering judgment, his jurisdiction ceased, and the judgment is absolutely void. R. S. 1889, sec. 6279; *Young v. Kellman*, 10 Mo. App. 589.

*O' Neill Ryan*, for respondent.

(1) The notice of appeal, being without any signature, was insufficient, and the motion to affirm was properly sustained. *Hammond v. Kroff*, 36 Mo. App. 118; *Towner v. Renick*, 19 Mo. App. 205, 210; *Bohn v. Devlin*, 28 Mo. 319, 320; *Larrabee v. Morrison*, 15 Minn. 196. (2) The acceptance of service of the defective notice did not waive its insufficiency. *Hammond v. Kroff*, 36 Mo. App. 118; *Larrabee v. Morrison*, 15 Minn. 196. (3) The fact that counsel knew what

notice was intended to be conveyed by the paper served made no difference. Constructive notice will not do; it must be the statutory notice. *McGinnis v. Taylor*, 22 Mo. App. 513, 516; *Jordan v. Bauman*, 28 Mo. App. 608, 611. (4) The judgment on the account appears to have been rendered immediately upon the evidence being heard, viz., January 7, 1890, and was, therefore, within the three days. But rendition or entry of judgment after the three days, neither party being prejudiced, is not a fatal defect. R. S. 1889, sec. 6299.

ROMBAUER, P. J.—This suit was instituted before a justice of the peace, where the plaintiff recovered judgment. The defendant thereupon appealed to the circuit court, but his appeal was not allowed on the day on which the judgment was rendered. The statute governing such proceedings provides that, in such event, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating that an appeal has been taken from the judgment therein specified. If the appellant has appeared to the suit before the justice, either by agent or attorney, this notice may be served on said agent or attorney. The statute further provides that, if the appellant shall fail to give such notice at least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed or the appeal dismissed, at the option of the appellee. R. S. 1889, secs. 6342, 6344.

In the case at bar, the appellant's attorney, in due time, presented what purported to be a notice of the appeal to respondent's attorney. The notice was not signed by anyone when presented, but the respondent's attorney, upon request, wrote at the bottom of the notice his own name, as an acceptance of service. Subsequently, and at the second term of the appellate court, the respondent moved to affirm the judgment for want

of a sufficient notice of appeal. The appellant asked leave to amend the notice by affixing thereto the signature of his client. The court refused leave to amend, and affirmed the judgment upon respondent's motion. Whether this ruling was error, is the question presented by the record.

The appellant contends that the notice, although not signed by anyone, was sufficient, because the statute, while requiring a written notice, does nowhere require that it shall be signed. The appellant also contends further, even if the notice was defective, its acceptance by respondent's attorney must be treated as a waiver of its defects, or, else, a waiver of notice.

It was decided in *Schulenburg v. Bascom*, 38 Mo. 188, that a notice given by a subcontractor to an owner under the mechanics' lien law, not signed by anyone, was not such notice as the law contemplated, and hence was fatal to the lien claim. The statute under consideration in that case did not require a written notice in express terms, but only by implication. The court there said that such omissions "cannot be supplied by evidence of verbal information to that effect. If this could be done in reference to one particular, it could be done as to all, and the whole would be reduced to a merely verbal notice."

In *Bohn v. Devlin*, 28 Mo. 319, it was held that an unsigned notice to take depositions was insufficient, and that depositions taken on such notice were properly suppressed. On the other hand it was decided in *Daugherty v. Brown*, 91 Mo. 29, that signature to a notice for the presentation of a petition under the act relating to roads and highways was not essential to its validity. The case was sought to be distinguished from *Schulenburg v. Bascom, supra,* on the ground that the duty of giving the notice was, under the road and highway act, imposed on no particular person.

In the case at bar, the statute expressly requires written notice, and the duty of giving such notice is

imposed on a particular person ; hence we conclude that the signature of such person or his attorney or agent is an essential requisite to the validity of the notice. This is all the more so, since the law is well settled in this state that, in order to constitute a valid notice of appeal, a strict compliance with the requirement of the statute is essential. *Tiffin v. Millington*, 3 Mo. 418 ; *McGinnis, etc., Co. v. Taylor*, 22 Mo. App. 513 ; *Hammond v. Kroff*, 36 Mo. App. 118.

The only remaining inquiry is whether an attorney, under the statute of 1889, is competent to waive written notice, or competent to waive defects in such notice, and whether the evidence shows either of such waivers. As the statute provides for service of notice either on attorney or client, it would seem that either could waive the necessity of service. If he can waive the notice altogether, he can waive defects in a notice given. There is no evidence in this case of a waiver of written notice, because by accepting service of what purported to be a written notice, the attorney cannot be held to have waived the necessity of such notice.

Touching the waiver of defects, the case concedes that the attorney knew that the defendant's counsel intended to serve him with written notice of appeal in this case, when he delivered the paper in question. The notice was informal in other respects, and plaintiff's attorney suggested that those defects be removed before he accepted the notice, and they were thus removed by amendment. As plaintiff's counsel, by way of acceptance, signed his own name in the place, where the signature of the defendant or his attorney should have been, it is an almost conclusive presumption of fact that he knew that the notice was not signed by the defendant or his attorney. As the notice, barring the lack of signature, was after the amendments removing other defects, a strictly statutory notice ; as it is evident that both attorneys intended to make it a strictly statutory notice ; and as the addition of the signature could have

conveyed no other information to plaintiff's attorney than what other parts of the notice gave him, we must conclude that, by not insisting on a signature, the plaintiff's attorney waived it.

We are referred to the case of *Larrabee v. Morrison*, 15 Minn. 196, for the proposition that the acceptance of an unsigned notice, by the attorney of the opposite party, does not waive the defect of signature. In that case the notice required by the statute was one antecedent to the appeal, and essential to the allowance of a valid appeal by the justice. It was, therefore, a jurisdictional fact. It is well settled here, as elsewhere, that parties are powerless to waive defects affecting the jurisdiction of appeals, as the question in those cases is not one of jurisdiction of person, but of subject-matter. *Robinson v. Walker*, 45 Mo. 117.

The appellant contends that the judgment should not only be reversed, but that the entire case should be dismissed, as it appears by the justice's transcript that he held the case under advisement for ;more than three days after trial, before he rendered judgment. Without passing on the incidental question, whether this fact, if true, would warrant the disposition of the case, sought by appellant, or whether it is merely an irregularity to be disregarded by the appellate court, we desire to say that an examination of the transcript satisfies us that the point is not supported by the facts. The transcript shows that the case was tried on the plea in abatement, one day, and continued for a trial of the merits to another day, when, after hearing the evidence, the justice rendered final judgment. The justice is only required to enter judgment within three days after the cause has been submitted to him for his final decision.   R. S. 1889, sec. 6279.

Judgment reversed and the cause remanded.   All concur.