C. D. SMITH DRUG COMPANY, Appellant, v. BETTIE T. HILL, Garnishee of WILLIAM ZIEMENDORFF, *et al.*, Defendants, Respondent.

Kansas City Court of Appeals, April 1, 1895.

1. **Justices' Courts:** NOTICE OF APPEAL. A notice of appeal by a garnishee from a judgment of a justice is *held* insufficient, as it does not describe the judgment, and the appellant, garnishee, is described as defendant, and the notice appears to be given by the defendant.

2. ———: ———: ACTUAL KNOWLEDGE. Actual knowledge of an appeal will not suffice. The appellee has the legal right to exact written notice.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*Benjamin Phillip* for appellant.

(1) If the paper served on appellant's counsel is not such a notice as the law requires, the court had no

authority to dismiss the case. The case was not triable at the May term and there was no failure to prosecute the case. R. S. 1889, sec. 6343; *Blake v. Downey*, 51 Mo. 437; *Blakely v. Railroad*, 79 Mo. 342; *Hawley v. Railroad*, 80 Mo. 540. (2) It is conceded, in this case, that a notice of appeal was required. The only question is: Was the paper served on appellant's counsel, such a notice as the law demands? It is not a notice from the garnishee to the plaintiff, nor does it specify the judgment from which an appeal was taken. It is, therefore, insufficient. *McGinness v. Taylor*, 22 Mo. App. 513; *Hammonds v. Kroff*, 36 Mo. App. 118; *Morriss v. Brewster et al.*, 60 Wis. 229; *Tiffin v. Millington*, 3 Mo. 418 (side page); Wade on Notice, sec. 1211; *Hyde v. Goldsby*, 25 Mo. App. 29, and cases cited; R. S. 1889, sec. 6327; *Weiser v. Day Bros.*, 77 Iowa, 25.

*Porter, Spencer & Connett* for respondent.

(1) The notice of appeal meets all the requirements of the statute. R. S. 1889, sec. 6342. (2) If the notice can be held technically defective, it will not be held insufficient, if it contains nothing misleading; and the acceptance of service by the attorney of plaintiff will be taken as a waiver of such defect. *Coal Co. v. Railroad*, 48 Mo. App. 578; *Cella v. Schairs*, 42 Mo. App. 316.

Gill, J.—Plaintiff sued Ziemendorff before a justice of the peace, and summoned Bettie T. Hill as garnishee. Judgment was obtained against the defendant and the garnishee; and the garnishee, Bettie T. Hill, the second day after the judgment against her, appealed to the circuit court.

On April 16, 1894, and more than ten days before the next succeeding term of the circuit court, notice of appeal in the following form was served on plaintiff's attorney:

"C. D. Smith Drug Co.,
          v.
"Bettie T. Hill, Garnishee of
  William Ziemendorff and
  Charles Hill.

"To Benjamin Phillips, attorney for plaintiff: You are hereby notified that the defendant, Bettie T. Hill, has taken an appeal from the judgment of the justice in the above entitled cause to the circuit court of Buchanan county, Missouri.

                "PORTER & SPENCER,

                  "Attorneys for Defendant.

"April 16, 1894."

At the May term, 1894, of the Buchanan circuit court, which was the first term held after said case was appealed from the justice's court, the court dismissed the case for want of prosecution. The plaintiff had never entered its appearance in the circuit court. After the case had been dismissed, plaintiff filed its motion to set aside the order of dismissal and to reinstate the case. The court overruled the motion and the plaintiff brings the case here.

It is conceded that if the notice of appeal served on the plaintiff's attorney was insufficient, then the court erred in dismissing plaintiff's case. The sole question, then, on this appeal is, whether or not said notice of appeal conforms to the requirements of the statute.

Owing to the very great strictness with which these notices of appeal from justices have been treated by the supreme court, we feel bound to hold the above insufficient. In cases where the appeal is not taken on the same day on which the judgment is rendered by the justice, the statute requires the appellant to serve the appellee, at least ten days before the first day of the term at which the case is triable in the circuit court, "with a notice in writing, stating the fact that an appeal

has been taken from the judgment therein specified."
R. S. 1889, sec. 6342. In the light of this statute,
three objections are urged against the notice under
consideration: *First*, that it does not specify the par-
ticular judgment appealed from; *second*, that the
notice is fatally defective in that the appellant garnishee
describes herself as a *defendant*, whereas, in the judg-
ment appealed from, she is not a defendant, but a
garnishee; and, *thirdly*, that the notice does not appear
to be given by the garnishee, but by the defendant in
the cause.

The old case of *Tiffin v. Millington* (3 Mo. 418), is
quite similar to this. Millington sued Lawless, in
attachment, before Walsh, a justice of the peace, and
Tiffin was proceeded against, as garnishee. From a
judgment against him the garnishee, Tiffin, appealed
to the circuit court, where the cause was dismissed for
want of a proper notice of appeal. The notice there
was as follows:

"*Mr. Jeremiah Millington:*

"Take notice, that I have taken an appeal to the
next term of the circuit court of St. Louis county, from
a judgment rendered against me by Patrick Walsh, in
a suit wherein you was plaintiff and I was defendant.

"CLAYTON TIFFIN.

"November 12, 1832."

The supreme court, sustaining the lower court, held
that the notice given was not a notice in the cause (of
*Millington*, plaintiff, *v. Tiffin*, garnishee), but in a dif-
ferent cause. "It is obviously," says the court, "a
notice which does not describe the cause, and belongs
properly to some other suit between the parties."

Exacting now the same technical precision in the
case at bar as was required in the foregoing decision,
and the notice attempted by this garnishee is obviously
defective. It fails, in the same degree as in the *Tiffin*

*case*, to designate clearly just what judgment was appealed from. There was in this case (of the Smith Drug Co., plaintiff, v. Ziemendorff, defendant, Bettie T. Hill, garnishee) what may be termed three judgments from which the parties may have appealed; that is, a judgment against defendant Ziemendorff, on the debt sued for, another judgment against Bettie T. Hill, as garnishee, and still another, taxing costs. Which of these is meant, when Bettie T. Hill gives notice (as a defendant) that she "has taken an appeal from the judgment of the justice?" Extremely harsh and technical though it may seem, the decision above referred to is binding and conclusive on us, since it stands undisturbed by subsequent rulings of the same court.

More than this, the statute requires the notice of appeal to be given by the *appellant*, and to be in writing, signed by said appellant or his or her attorney or agent. *Cella v. Schnairs*, 42 Mo. App. 316. Here the notice appears to have been given by the attorneys for the *defendant*, and not by the garnishee or her agent or attorney.

That the appellee may have understood what was the intention of the appellant, and that the notice was other than what it purported to be, will not aid the faulty notice. The actual knowledge of the appellee that an appeal had been taken will not suffice. He has the legal right to exact the written notice prescribed by the statute. *The McGuiness & Ingels Co. v. Taylor*, 22 Mo. App. 513; *Hammond v. Kroff*, 36 Mo. App. 118.

We must hold, then, that said notice of appeal was not such as the statute required; that the trial court committed error in dismissing plaintiff's case for want of prosecution; and that its motion to set aside the order of dismissal ought to have been sustained.

Judgment reversed and cause remanded. All concur.