R. P. STONE, Respondent, v. HENRY BAER, Appellant.

Kansas City Court of Appeals, January 8, 1900.

1. Justices' Courts: APPEALS: NOTICE.  Notice of appeal signed by J. Henry Baer is insufficient when the judgment is against Henry Baer.

2. **Bills of Exceptions:** OFFER OF EVIDENCE: COPYING IN THE RECORD. Where the bill of exceptions shows that certain evidence was offered but fails to show its admission, it does not become a part of the record and can not be considered by the appellate court although copied in the transcript.

Appeal from the Moniteau Circuit Court.—*Hon. D. W. Shackleford*, Judge.

AFFIRMED.

*Moore & Williams* for appellant.

(1)    The notice of the appeal was acknowledged by plaintiff's attorneys, who filed the statement or complaint for plaintiff with the justice.   This notice of appeal, with acknowledgment of service of notice by plaintiff's attorneys, was a full compliance with section 6342, Revised Statutes after which, plaintiff was in court for all purposes.   Litigants are bound by the action of their attorneys of record.   State to use v. Hawkins, 28 Mo. 372; Ring v. Vogel, 46 Mo. App. 374; McDonough v. Daly, 3 Mo. App. 606.   (2)   Then, after the case had been appealed to the Cole circuit court, and when notice was given plaintiff's attorneys, that application would be made for a change of the venue of said cause, said attorneys indorsed on said notice, "Service of the above notice is hereby acknowledged this 15th day of November, 1898, and all formalities are hereby waived."

*Edwards & Edwards* for respondent.

(1)    The notice is given in a suit between R. P. Stone against Henry Baer.   It is signed "J. Henry Baer," which is no notice under the numerous decisions of this court and of the supreme court.   Tiffin v. Millington, 3 Mo. 418; Cella v. Schnairs, 42 Mo. App. 316; McGinnis v. Taylor, 22 Mo. App. 513; Drug Co. v. Hill, 61 Mo. App. 680; Hammond v. Kroff, 36 Mo. App. 118.   (2)   In support of the motion to dismiss

we refer the court to certified copy of the bill of exceptions filed herewith in which there is no transcript of the Cole circuit court copied, nor directions to the clerk to copy it, and the clerk's copying it in the transcript does not make it a part of the record in this cause. Roberts v. Bartlett, 26 Mo. App. 611; McNeil v. Ins. Co., 30 Mo. App. 306; Martin v. LaMaster, 63 Mo. App. 342; State v. Batchelor, 15 Mo. 208; In re Webster, 36 Mo. App. 355; Ryan v. Growney, 125 Mo. 474; Turley v. Barnes, 131 Mo. 548.

GILL, J.—In August, 1898, plaintiff recovered a judgment of $50 against defendant before a justice of the peace of Cole county. Within ten days thereafter, but not on the day the judgment was rendered before the justice, the defendant appealed to the circuit court of Cole county. At the following November term of that court the defendant applied for and secured a change of venue to the Moniteau circuit court. At the January (1899) term of that court, plaintiff filed a motion asking that the judgment of the justice be affirmed on the alleged ground that defendant had failed to give the notice of appeal required by the statute. This motion was sustained and the defendant appealed to this court.

I. The question is, whether or not such notice of appeal from the justice as section 6342 requires was given by the defendant? A notice was given, but it is contended that it was not a notice from the defendant named in the judgment. The judgment of the justice was rendered against Henry Baer while the notice served on plaintiff's counsel was signed "J. Henry Baer." In other words, J. Henry Baer gave notice that he had appealed from a judgment rendered against Henry Baer. And whether or not these parties are the same does not appear.

Under the former decisions of the supreme court, and of this court as well, we must sustain the action of the trial court.

The notice does not meet the technical accuracy required. Tiffin v. Millington, 3 Mo. 418; McGinniss v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Cella v. Schnairs, 42 Mo. App. 316; Drug Co. v. Hill, 61 Mo. App. 680. These cases are decisive against the sufficiency of the notice. In the Taylor case above cited the judgment of the justice was against J. J. Taylor while the notice of appeal was signed C. C. Taylor, and it was held insufficient. There has been a strictness in reference to these notices bordering on the unreasonable, but we feel bound to follow the rule as declared.

Counsel for defendant, however, have insisted that plaintiff waived the imperfection in the notice of appeal by an appearance in the matter of defendant's motion for change of venue. That matter however is no part of the record here because not incorporated in the bill of exceptions. The bill of exceptions, as signed by the judge, contains no reference thereto except this: "The defendant offered the entire transcript from the Cole county circuit court, to which plaintiff objected as incompetent on this hearing." Nothing further is said about it. It does not appear whether the court admitted such matter or any part thereof. Nor was such matter, or any part thereof, set out in the bill of exceptions, or even referred to with instructions to the clerk to copy the same. It is clear then that we must disregard such matter copied in the abstract, because wanting in legal authenticity. It could only become a part of the record by the certificate of the judge; the clerk had no right to copy the same into the transcript. "Judicial records are made by order of the court, and not by order of counsel, or by the voluntary actions of the clerk." McNeil v. Ins. Co., 30 Mo. App. 307 and cases cited; Martin v. Nichols Est., 63 Mo. App. 342.

The judgment of the Moniteau circuit court must be affirmed. All concur.