## V. H. IGO et al., Plaintiffs in Error, v. TIP BRADFORD et al., Defendants in Error.

**Kansas City Court of Appeals, February 27, 1905.**

1. **APPELLATE PRACTICE: Writ of Error: Notice: Waiver: Brief.** Plaintiffs in error filed their abstract and brief. Defendants in error thereupon filed their statement and brief, addressed solely to the merits of the case. Subsequently defendants in error filed a motion to dismiss the writ for want of notice thereof. *Held,* the filing of the briefs without reference to any defect in the proceedings relating to the writ constitute a general appearance thereto and waived the objection to the sufficiency of notice.

2. **JUSTICES' COURTS: Appeal: Notice: Signature.** A notice of appeal should strictly comply with the statute, but it is only intended to notify, and if, under a fair and reasonable interpretation, it does this, it is sufficient, and the signature of the attorneys of the appellant is sufficient and pronouns used in the notice will refer to the appellant and not the attorneys.

Error to Pettis Circuit Court.—*Hon. Geo. F. Longan,* Judge.

REVERSED AND REMANDED.

*Bente & Wilson* and *R. A. Higdon* for plaintiffs in error.

(1) The contention of the defendants in error is that the notice of appeal was not sufficient. We contend that said notice was amply full and sufficient, and it conformed to the following requisite. (a) It was in writing and described the case fully and gave the date upon which judgment was rendered against plaintiff. R. S. 1899, sec. 4074; Tiffin v. Millington, 3 Mo. 418; Fagan v. Separator Co., 92 Mo. App. 236; Celia v. Schnairs, 42 Mo. App. 320. (b) It was signed by the appellant or by his attorney or agent. Celia v. Schnairs, 42 Mo. App. 316. (c) It describes the cause by the names of the parties. McGuiness & Ingals Co. v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Drug Co. v. Hill, 61 Mo. App. 684. (d) It was given by an agent which is good. Runkle v. Hogan, 3 Mo. 234; Celia v. Schnairs, 42 Mo. App. 316. (e) The form of the notice was sufficient. Richmonds v. Isaacs, 4 Mo. App. 566; State ex rel. v. Hammond, 92 Mo. App. 231. (2) The notice must be given in the manner prescribed by the statutes. Jordan v. Bowman, 28 Mo. App. 608. (a) The appellant has the legal right to exact written notice which was given in this case. Walker v. Carrew, 56 Mo. App 320; Drug Co. v. Hill, 61 Mo. App. 684; R. S. 1899, section 4074; B. & S. Assn. v. Moulter, 5 Mo. App. 587; Byrd v. Steele, 49 Mo. App. 419.

*W. D. Steele* for defendants in error.

(1) There is only one question for the court to decide in this case and that is, whether the pretended notice of appeal is sufficient. R. S. 1899, sec. 4074. And if the appellant fails to give such notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the next term, if

he shall enter his appearance on or before the second day thereof. R. S. 1899, secs. 4075, 4076; Drug Co. v. Hill, 61 Mo. App. 684; Schnabel v. Thomas, 92 Mo. App. 180; Thomas v. Ins. Co., 89 Mo. App. 12; Hammond v. Kroff, 36 Mo. App. 121; Hardware Co. v. Taylor, 22 Mo. App. 516.

JOHNSON, J.—A motion has been filed by defendants to dismiss the writ of error. The only point made therein which we deem of sufficient importance to notice is that the written notice required by R. S. 1899, section 852, was not served twenty days before the return day of the writ. The proceedings were as follows:

February 16, 1904, writ of error issued returnable first day of March term, 1904, which was March seventh.

February 26, 1904, return made by circuit clerk.

February 24, 1904, written notice of writ served upon attorneys of record of defendants in error.

December 6, 1904, plaintiffs' abstract, statement and brief served upon defendants.

December 24, 1904, defendants' abstract, statement and brief served upon plaintiffs.

January 2, 1905, motion to dismiss filed, notice of which motion was served upon plaintiffs December 31st, 1904.

The statement and brief of defendants were addressed solely to the merits of the case, no reference being made therein to any defect in the proceedings relating to the writ. As they were served upon plaintiffs—in fact, filed here—before the filing of the motion to dismiss, we must hold that defendants appeared generally to the writ, thereby waiving the objection to the sufficiency of the notice. [Kenner v. Doe Run Lead Co., 141 Mo. 248.] It is not necessary to consider the point further. The motion is overruled.

The case originated in a justice court in an action

brought by the plaintiffs in error against defendants in error. Judgment was rendered in favor of defendants from which plaintiffs appealed to the circuit court. A motion was filed in the latter court by defendants to dismiss the appeal because of the want of notice thereof. But the real ground of the motion was the insufficiency of the notice given to meet the requirements of the statute. The notice complained of was as follows.

"Before John B. Hughes, J. P., Cedar township, Pettis county, Missouri.

"V. H. Igo, Lewis R. Lee, Plaintiffs, v. Tip Bradford, Lon Lewis, Defendants.

"To the above-named defendants or W. D. Steele, their attorney:

"You are hereby notified that we have taken an appeal to the circuit court of Pettis county, Missouri, from the judgment of John B. Hughes, J. P., within and for Cedar township, Pettis county, Missouri, rendered by him on the 10th day of November, 1902, against us in the above-entitled cause.

"R. A. HIGDON and BENTE & WILSON,
"Attorneys for Plaintiffs."

Endorsed upon said notice was the following acceptance of service thereof.

"I hereby accept service of the above notice this 17th day of November, 1902.

"W. D. STEELE,
"Attorney for Defendants."

It is conceded the attorneys who signed this notice represented plaintiffs in the justice court.

Two points are made against the notice: First, that it is not signed by the appellants either in person or by their agents or attorneys, but by the lawyers for themselves, the words "attorneys for plaintiffs" being merely discriptive of the persons who signed; second, the notice fails to describe any judgment rendered against the appellants, the words "we" and "us,"

which appear therein, having reference to the persons who signed—the attorneys and not to the appellants.

While it is true that in order to constitute a valid notice of appeal strict compliance with the requirements of the statute is essential—[Cella v. Schnairs, 42 Mo. App. 320; Smith Drug Co. v. Hill, 61 Mo. App. 680; Tiffin v. Millington, 3 Mo. 418].—this does not mean that a strained and unduly technical construction is to be applied to the language employed. The object of the notice is to notify, and if under a fair and reasonable interpretation it does this, it should not be held insufficient because of other possible but unnatural meanings which might be twisted out of it by an ingenious mind. This was a simple suit upon debt with a counterclaim by defendants. The attorneys were not parties and but one judgment was rendered against plaintiffs. The case is not like that of Smith Drug Co. v. Hill, supra, largely relied upon by defendants. There the action was in garnishment in which three judgments were rendered: one between the parties upon the debt, one against the garnishee, and one taxing costs. The appellant was the garnishee and she did not state in the notice from which judgment she appealed, and the notice was signed, "Porter & Spencer, Attorneys for defendant," when it was not defendant but the garnishee who was taking the appeal. In that case we said: "More than this, the statute requires the notice of appeal to be given by the appellant and to be in writing signed by said appellant or his or her attorney or agent." In this case the notice was signed by the attorneys for appellants and so stated. The words "attorneys for plaintiffs" clearly meant to convey the information that the signatures were attached in a representative capacity and were not merely descriptive. They do not fairly admit of any other construction and it is not said, nor would it be believed, that the appellee was in any manner misled.

The statute—Revised Statutes, section 4074—does

not in express terms require the notice to be signed, but the courts have held this to be necessary to a valid notice; for without any signature it is no notice, but merely so much waste paper. But we know of no peculiar sanctity enveloping such notices. If they are signed by attorneys in a manner customarily employed in signing other notices and pleadings, this should suffice.

What we have said necessarily disposes of defendants' second point, for if the signature is to be treated as that of the appellants by their attorneys it necessarily follows the words "we" and "us" refer to them and not to their representatives. With such construction, the requirement of the statute—Revised Statutes, section 4074—that the judgment appealed from be specified, is satisfied. There is no misdescription of the judgment. We think the rule followed by our sister court in St. Louis in the case of Coal Co. v. Railroad, 48 Mo. App. 578, the correct and rational one to apply in cases of this character.

It follows the judgment must be reversed and the cause remanded. All concur.