J. W. TEASDALE & COMPANY, a Corporation, Appellant, v. AMERICAN FRUIT PRODUCT COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals, November 13, 1906.

JUSTICES OF THE PEACE: Appeals: Notice of Appeal. A notice of appeal from a judgment of the justice of the peace in favor of "J. W. Teasdale & Co., a corporation," which described the plaintiff as "J. W. Teasdale," but designated the justice of the peace from whose judgment the appeal was taken, gave the date of its rendition and the amount of it, was sufficient notice of appeal so that a motion to dismiss the appeal for want of notice filed by the plaintiff was properly overruled.

Appeal from the St. Louis City Circuit Court.— *Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*Joseph Wheless* for appellant.

The notice of appeal given in this case is fatally defective because it misdescribes the judgment appealed from. The plaintiff is a corporation; the notice of appeal names an individual as the party plaintiff. State to use v. Hammond, 92 Mo. App. 235; Munroe v. Herrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App.

670; Stone v. Baer, 82 Mo. App. 339; Drug Co. v. Hill, 61 Mo. App. 680; McGinnis v. Taylor, 22 Mo. App. 514; Tiffin v. Millington, 3 Mo. 418; Wade, Law of Notice, sec. 1211.

*Lee W. Grant* and *P. B. Kennedy* for respondent.

A notice of an appeal from a justice court is sufficient if it describes the judgment with sufficient particularity as to reasonably identify it. Coal Co. v. Railroad, 48 Mo. App. 578; Monroe v. Harrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App. 674.

STATEMENT.— Plaintiff, a corporation, obtained judgment against defendant, another corporation, and defendant appealed to the circuit court, serving on plaintiff the following notice of appeal:

"In the Justice Court in and for the Fifth Justice District, City of St. Louis, Missouri, before A. A. O'Hallaron, Justice.

"J. W. Teasdale, Plaintiff, v. American Fruit Product Co., Defendant.

"To the above named plaintiff or its attorneys:

"You are hereby notified that the undersigned defendant has appealed from a judgment rendered January 25, 1905, in the sum of three hundred ($300.00) dollars, in favor of the plaintiff and against the defendant, and said cause is now removed to the circuit court in and for the city of St. Louis, Missouri, where same is now pending.
                    "AMERICAN FRUIT PRODUCT COMPANY,
                              "Defendant,
                    "By P. B. KENNEDY, Its Attorney."

Plaintiff moved the circuit court to dismiss the appeal on account of the insufficiency of the notice; which motion having been overruled, an exception was saved

and plaintiff failing to prosecute the action further, it was dismissed and final judgment entered for defendant. From this judgment the present appeal was taken.

GOODE, J. (after stating the facts).—The notice of appeal is said to have been insufficient to confer jurisdiction on the circuit court for the reason that the action was by J. W. Teasdale & Co., a corporation; whereas the notice of appeal was entitled in the name of J. W. Teasdale, an individual. But the notice designated the justice of the peace from whose judgment the appeal was taken and gave the date on which the judgment was rendered and the amount of it. The statute says the notice shall state the fact that the appeal has been taken from the judgment therein specified. It has been held that the notice is good if it sufficiently specifies the judgment appealed from to identify it and inform the party who obtained the judgment that an appeal has been taken. [Munroe v. Herrington, 99 Mo. App. 288, 73 S. W. 221.] So it has been said that if on a fair and reasonable interpretation of the notice, it informs the other party that an appeal has been taken, it should not be held insufficient. [Igo v. Bradford, 110 Mo. App. 670, 85 S. W. 618.] It was possible for judgments to be rendered against the defendant by the same justice of the peace on the same day and for the same amounts in favor of both J. W. Teasdale, as an individual, and the plaintiff corporation, in separate cases. But this was so unlikely to happen, that the danger of the plaintiff being misled by such an incident is too improbable for us to hold the notice invalid on the ground that it might happen. Several cases are cited supposed to support the position that the notice was insufficient. [Tiffin v. Millington, 3 Mo. 419; McGinnis v. Taylor, 22 Mo. App. 513; Smith Drug Co. v. Hill, 61 Mo. App. 680; Stone v. Baer, 82 Mo. App. 339.] None of the notices passed on in those cases identified the judgment appealed from

with the certainty the one before us did, and some of them misdescribed the judgment, as was pointed out in Holschen Coal Co. v. Railroad Co., 48 Mo. App. 578. In the authority last cited the notice was much less full than the present one is, but was held sufficient.

The judgment is affirmed. All concur.