TAFF, Respondent, v. THE STANDARD LIFE &
ACCIDENT INSURANCE COMPANY of Detroit,
Michigan, et al., Appellants.

St. Louis Court of Appeals, November 5, 1907.

CORPORATIONS: Corporate Name: Notice of Appeal. A notice of
appeal from a judgment of a justice of the peace, complete in
all respects except that the name of the appellant is given as
"the Standard Life and Accident Insurance Company, a corpor-
ation," when the judgment, in the designation of the defendant
contained the additional words "of Detroit, Michigan," was suf-
ficient, and gave the appellee full information as to what case
had been appealed.

Appeal from St. Louis City Circuit Court. — *Hon.
Warwick Hough*, Judge.

REVERSED AND REMANDED.

*Merritt U. Hayden* for appellants.

*Nat. Steiner* for respondent.

GOODE, J.—One of the appellants, the Standard
Life & Accident Insurance Company, was sued by the
plaintiff before a justice of the peace and a judgment
obtained from which it appealed to the circuit court.
The other appellant is the American Bonding Company
of Baltimore, which became the surety of the Standard
Insurance Company on the latter's appeal bond. On
motion of respondent the circuit court dismissed the
appeal because of an imperfect notice given by the In-
surance Company, and the only question before us is
the sufficiency of said notice. It reads as follows:

"In the Circuit Court for the City of St. Louis, Missouri.
October Term, 1906.

"*State of Missouri, City of St. Louis, ss.*

"Elmer R. Taff, Plaintiff, v. The Standard Life & Accident Insurance Company, a Corporation, Defendant.

"*Notice of Appeal.*

"To Nathan Steiner, attorney for the above-named plaintiff and appellee.

"You are hereby notified that the above-named defendant and appellant, the Standard Life & Accident Insurance Company, has taken an appeal from the judgment rendered by B. P. Taaffe, justice of the peace of the Ninth District of the city of St. Louis, Missouri, on April 30, 1906, in the above-entitled cause in favor of the plaintiff above-named and against the defendant for the sum of three hundred and thirty dollars ($330) with interest and costs, to the circuit court of the city of St. Louis, Missouri, and that said appeal is now pending in Division No. 1 of said circuit court, being case No. 42038, of said Division.          "M. U. HAYDEN,

"Attorney for Defendant and Appellant.

"Dated September 15, 1906.

"I hereby acknowledge receipt of the above notice, this 15th day of September, 1906.          NAT. STEINER,

"Attorney for Plaintiff and Appellee."

We learn from the briefs that the lower court held the notice fatally defective in that the name of the defendant in the case was given as the Standard Life & Accident Insurance Company, a corporation, instead of the Standard Life and Accident Insurance Company of Detroit, Michigan, a corporation. The judgment had been rendered in the justice's court against the insurance company under the style last named, and it is insisted that the notice was insufficient in consequence of omitting the words "Detroit, Michigan." In other

respects the notice was complete. It correctly named the justice before whom the judgment had been obtained, the date and amount of it, and pointed respondent to the division of the circuit court of the city of St. Louis in which the appeal was pending and the number of the case. It was not made to appear that the name of the Insurance Company included the words "Detroit, Michigan" and it may well be that they merely designated the place of the domicile of the corporation. And even when words of location formed part of the name of a corporation, they have been treated as descriptive, so that no legal consequence resulted from omitting them in process or pleadings. We know of no decision in which such an omission was held fatal to any process. The point has been passed on several times in this State. [Schaeffer v. Gruen, 4 Mo. App. 115; State v. Burlingame, 146 Mo. 207, 48 S. W. 72; State ex rel. v. Bank, 160 Mo. 640, 61 S. W. 676; Nickerson v. Merc. Co., 90 Mo. App. 336.] In the Gruen case the omission occurred in a summons; in the Nickerson case in an affidavit for appeal and in the Burlingame case in an indictment. In each of those cases some document was claimed to be invalid because of a variation in the style of a corporation similar to the one under consideration; and the exception was overruled. We think the notice in the present case was ample and gave the respondent full information as to what case had been appealed and to what court; information so complete that there was no chance for him to be misled. [Munroe v. Herrington, 99 Mo. App. 288, 73 S. W. 221; Igo v. Bradford, 110 Mo. App. 670, 85 S. W. 618; Teasdale v. Am. Fruit Product Co., 97 S. W. 655.]

The judgment is reversed and the cause remanded. All concur.