HOFFMAN BROTHERS PIANO COMPANY, Appellant, v. MRS. A. J. MORRIS, Respondent.

Springfield Court of Appeals, June 17, 1915.

1. **NOTICE OF APPEAL: From Justice to Circuit Court: Service: When Open to Contradiction.** The return of service attached to the notice of appeal from a judgment in a justice of the peace court to circuit court, which is sworn to by a private person and recites that he delivered to the opposing party a

Hoffman Bros. Piano Co. v. Morris.

copy of the notice correctly designating the parties to the suit, is no more than prima-facie evidence of such service and is open to contradiction.

2. ———: ———: **Issue of Fact.** When a motion to affirm a judgment alleging a failure to give proper and timely notice of appeal from a judgment rendered by a justice of the peace has been filed in the circuit court, this raises an issue of fact and the court may hear evidence thereon.

3. ———: **Motion To Affirm Judgment: Evidence.** On the hearing of such motion in circuit court the appealing party should adduce all his evidence instead of presenting same by affidavit in support of a motion to set aside the court's order affirming the judgment.

4. **NOTICE OF APPEAL: Naming Parties.** Notice of appeal must properly designate by correct names the parties plaintiff and defendant in the case wherein the judgment appealed from is rendered.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins*, Judge.

AFFIRMED. CERTIFIED TO SUPREME COURT.

*M. R. Lively* for appellant.

*Wolfe & Burnett* for respondent.

STURGIS, J.—This appeal is from a judgment of the circuit court affirming on motion the judgment rendered by a justice of the peace where the suit originated. The suit is in replevin for a piano and the defendant won in the justice court. The plaintiff appealed to the circuit court but not on the day on which the justice rendered his judgment. This necessitated that plaintiff give notice of appeal as provided by section 7582, Revised Statutes 1909. The circuit court sustained defendant's motion to affirm the judgment, alleging that plaintiff had failed to give a proper notice of the appeal before the second term of the circuit court after the appeal was taken as provided by section 7584, Revised Statutes 1909.

On the hearing of the motion to affirm there appears to have been filed with the papers in the case a notice of appeal entitling the cause as it was in the justice court and is here. To this notice is appended a proof of service of the same on the defendant, sworn to by one F. W. Patton, stating that a copy of such notice was delivered by him to the defendant on the date mentioned. The defendant, however, produced a notice which she swore was the notice delivered to her by Patton and the only notice of any kind served on her in reference to this or any other case. The caption of this notice entitles the case as "Hoffman Bros. Piano Company, a corporation, Plaintiff, v. Mrs. J. B. Morris, Defendant," instead of against Mrs. A. J. Morris, the defendant in this cause. Following this title of the case are the words: "Notice of Appeal. To Mrs. J. B. Morris, defendant in the above entitled suit." The notice is to the effect that the plaintiff has taken an appeal to the circuit court of Jasper county, Missouri, from the judgment of the justice, giving the name of the justice, the township and county, and the nature of the suit and that the judgment was for the defendant. The defect in the notice, which defendant claims rendered it insufficient to confer jurisdiction on the circuit court over the defendant on this appeal, is that the defendant is designated as Mrs. J. B. Morris instead of Mrs. A. J. Morris. The trial court held the notice insufficient and sustained the motion to affirm. The plaintiff then filed a motion to set aside the judgment of affirmance, supported by an affidavit, but the circuit court overruled this motion and plaintiff appeals.

We have no difficulty in holding that the return of service attached to the notice of appeal and sworn to by a private person, to the effect that he delivered to the defendant a copy of the notice correctly designating the parties to the suit, is no more than prima-

Hoffman Bros. Piano Co. v. Morris.

facie evidence of such service and is open to contradiction. We held in Comstock v. Packing Co., 171 Mo. App. 410, 416, 156 S. W. 815, that the statute does not require that the notice of appeal and proof of service be filed with the trial court and that: ''When a notice to affirm a judgment for failure to give proper and timely notice of the appeal has been filed this raises an issue of fact and the court may hear evidence thereon. [Calderwood v. Robertson, 112 Mo. App. 103, 105, 86 S. W. 879.]'' The court, therefore, did not commit error in hearing evidence on the question of what notice of appeal was served on the defendant and in finding that the notice actually served described the case as being against Mrs. J. B. Morris, defendant, and was directed to such person. [Horton v. Railroad, 26 Mo. App. 349, 355.]

The hearing of the motion to affirm the judgment for want of a proper notice of appeal raised an issue to be tried and determined on the evidence adduced by both parties. The plaintiff should have produced on such hearing whatever evidence it had to sustain its position that it had served a proper notice of appeal. The plaintiff now contends that the affidavit which it filed in support of its motion to set aside the order affirming the judgment shows that a proper notice of appeal was in fact served. Such evidence should not be withheld, at least without good cause shown, until the motion to set aside the judgment of affirmance is presented and then presented in the form of an affidavit. We do not know to what extent the trial court weighed the evidence contained in the affidavit against that previously produced by defendant; but, in any event, there was no more than a conflict of evidence, the finding on which we will not disturb.

It also seems that, under the repeated decisions of our appellate courts, the notice of appeal actually served on defendant in this case is not sufficient to confer jurisdiction of the appeal on the circuit court. The

rule is firmly established that the notice of appeal must properly designate by correct names the parties plaintiff and defendant in the case wherein the judgment appealed from is rendered. [McGinniss & Ingels Co. v. Taylor, 22 Mo. App. 513; Smith Drug Co. v. Hill, 61 Mo. App. 680, 684; Comstock v. Packing Co., 171 Mo. App. 410, 420, 156 S. W. 815; Stone v. Baer, 82 Mo. App. 339; State to use v. Hammond, 92 Mo. App. 231; Hammond v. Kroff, 36 Mo. App. 118, 121.] This case is not distinguishable in principle from the cases above cited, and especially that of McGinniss & Ingels Co. v. Taylor, supra, wherein the notice of appeal designated C. C. Taylor as defendant instead of J. J. Taylor, and the notice was for that reason held insufficient. That case is bottomed on Tiffin v. Millington, 3 Mo. 418, wherein the notice of appeal designated the appealing garnishee as the defendant in the case. The Court of Appeals, after referring to the Tiffin case, supra, said: "It would appear from this that great particularity is required in such notice. And so it is stated in Wade on Notice (sec. 1211). It is evident that the notice is a thing apart from the knowledge, which the party to be notified, may have. The appellee may have actual knowledge of an appeal being taken. He may stand by and see it perfected, yet he must have the statutory notice, and this notice must describe the cause in which the appeal is taken." The case of Stone v. Baer, supra, is also directly in point, since the court there held a notice of appeal insufficient which designated the defendant as J. Henry Baer when the judgment appealed from was against Henry Baer. It may be that the court was justified in remarking, as it did in that case, that: "There has been a strictness in reference to these notices bordering on the unreasonable, but we feel bound to follow the rule as declared."

We cannot hold the present notice of appeal good without being in conflict with the cases above cited and we cannot well hold that the trial court committed er-

ror in following the repeated decisions of the appellate courts of this State. We have read the cases cited by plaintiff and, were we without direct precedents, we might by analogy reason that this notice is good. The courts, however, have distinguished notices of appeals from somewhat similar notices serving other purposes, and we will content ourselves with citing and following those directly in point.

It results that the judgment of the circuit court is affirmed.

*Farrington, J.,* concurs. *Robertson, P. J.,* dissents in a separate opinion and deeming this opinion in conflict with certain decisions of the other Courts of Appeals the case is certified to the Supreme Court.

## DISSENTING OPINION.

ROBERTSON, P. J.—The notice which was served on defendant reads as follows:

"Before W. M. Covey, Justice of the Peace in and for Mineral Township, Jasper county, Missouri.

Hoffman Bros. Piano Company, a corporation, Plaintiff,

v.

Mrs. J. B. Morris, Defendant.

### NOTICE OF APPEAL.

To Mrs. J. B. Morris, defendant in the above entitled suit;

You are hereby notified that the plaintiff The Hoffman Bros. Piano Company, a corporation, has taken an appeal to the circuit court of Jasper county, Missouri, from the judgment of the Justice W. M. Covey, a justice of the peace in and for Mineral township, Jasper county, Missouri, and being a suit in replevin to recover the possession of a piano, and the judgment was

for the defendant, that the defendant was at the time of the commencement of the suit entitled to the possession of the property and the costs were taxed to the plaintiff; said judgment was rendered on the 16th day of December, 1913.

Dated this 11th day of March, 1914.

HOFFMAN BROS. PIANO CO.,

Appellant.''

It is said in Igo v. Bradford, 110 Mo. App. 670, 674, 85 S. W. 618, that ''The object of the notice is to notify, and if under a fair and reasonable interpretation it does this, it shall not be held insufficient because of other possible but unnatural meanings which might be twisted out of it by an ingenious mind.'' To the same effect: Holschen Coal Co. v. Mo. Pac. Ry. Co., 48 Mo. App. 578, 581; Munroe v. Harrington, 99 Mo. App. 288, 293, 73 S. W. 221; Teasdale & Co. v. American Fruit Product Co., 120 Mo. App. 584, 586, 97 S. W. 655, and Taff v. Standard Life & Accident Ins. Co., 127 Mo. App. 308, 310, 105 S. W. 274.

In my opinion when defendant received the above notice with its full description of the judgment appealed from, the only error being in her initials, that she must have known that she was the individual intended to be therein designated. She virtually conceded so much when testifying in support of her motion to affirm she stated that this is ''the only notice of appeal served on me in said cause.'' The notice served accomplished the purposes of the statute, I think, and fully advised defendant of the appeal taken by plaintiff. The opinion of the majority I deem in conflict with the opinions in the cases I have cited above.