J. E. CONREY, Appellant, v. JAMES C. DAVIS, Federal Agent, Respondent.

In the Springfield Court of Appeals, December 7, 1924.

1. **APPELLATE PRACTICE:** Nothing for Appellate Court to Review Where no Motion for New Trial, Rehearing or in Arrest Preserved. Where plaintiff, in appeal from justice court to circuit court, attacked defendant's notice of appeal and on adverse ruling refused to further appear, appellate court could not review the merits of the controversy, because the record and bill of exceptions did not show that plaintiff preserved motion for new trial, rehearing, or arrest of judgment.

2. ———: **Justices' Courts: Notice of Appeal: Statute Relating to Notice of Appeal Liberally Construed.** Revised Statutes 1919, sec. 2905, requiring appellant in justice court to give notice of appeal, is satisfied if written notice is given which reasonably describes the cause of action, the judgment, the parties, and informs the appellee of facts concerning the appeal from which a reasonable person would conclude' that he had knowledge that the appeal had been taken.

3. **RAILROADS:** Federal Operation of Railroad Held Matter of Common Knowledge. It was common knowledge that a certain railroad was not operating its road at the time acts complained of by plaintiff arose, and that the road was under operation of Federal Agent.

(341)

Appeal from the Circuit Court of Barry County.—*Hon. Charles L. Henson*, Judge.

AFFIRMED.

*Sizer & Garder* for appellant.

(1) The notice of appeal in this case was signed by the attorneys of the Frisco Railroad Company. This railroad was not a party to the suit. The appellant in this case is James C. Davis, Federal Agent, and no notice of appeal whatever has been given by appellant. The cases hold that the notice of appeal must be given by the appellant or his agent. This has not been done. Roll v. Cummins, 117 Mo. App. 317; Drake v. Correll, 127 Mo. App. 338; Jordan v. Bowman, 28 Mo. App. 608; Thomas v. Moore, 46 Mo. App. 22. (2) The defendant, James C. Davis, Federal Agent, appeared in the justice court by his attorney, and the appeal was taken by the defendant James C. Davis. The pretended notice of appeal was signed "St. Louis and San Francisco Railroad Company, by Mann and Mann, its attorneys." Neither of these parties appeared or was a party to this cause in the justice court. We submit that this is not a compliance with the statute that the appellant shall in writing give notice of the appeal. R. S. 1919, sec. 2905.

*W. F. Evans, Mann & Mann*, and *James E. Sater* for respondent.

(1) No motion for a new trial being filed, appellant has not properly preserved for review the action of the trial court in overruling his motion to affirm the judgment. Leahy v. Mercantile Trust Co., 247 S. W. 401; Equitable Life Assurance Society v. National Bank, 197 S. W. 117; Coffey v. Carthage, 200 Mo. 629; Schuchart et al. v. Brasler, 249 S. W. 164; Igo v. Bradford, 110 Mo. App. 673; Teasdale v. Fruit Co., 120 Mo.

App. 584; Reinhart v. Rust, 185 Mo. App. 279; Wolf v. Marples, 231 S. W. 1019. (2) The appellant's attorneys acknowledged service of the notice and thereby waived any defects in said notice. Cella v. Schnairs, 42 Mo. App. 316; Davenport v. Shelly, 196 S. W. 1039.

FARRINGTON, J.—This case in the trial court rode off on a technicality and must receive the same fate here. It is the disposition of this court to decide cases, as far as possible, on the merits of the controversy as they come up between the parties to the litigation, and not to permit the rights of litigants to be forestalled or disposed of on the rules of practice. Unfortunately in this case we can know nothing of the merits of this suit which was originally brought, and the opinion disposing of the case here can in no wise advise the losing party why he was not entitled to damages by reason of a delayed shipment alleged to have been made by the defendant.

As the case stands here, the plaintiff sued the defendant in a justice of the peace court for a delayed shipment of cattle. The judgment went for plaintiff in the justice court and an appeal was taken by the defendant. The case as it was filed in the justice court was entitled, "J. E. Conrey, Plaintiff, v. James C. Davis, Federal Agent." The affidavit and bond for appeal were captioned just as the suit was filed in the justice court, and the bond made by the appealing defendant was signed, "James C. Davis, Agent." In giving the statutory notice to the plaintiff of the appeal the notice was captioned, "J. E. Conrey, Plaintiff v. James C. Davis, Federal Agent." The notice was in writing and informed the plaintiff that the defendant had taken an appeal from a judgment rendered against him by E. A. O'Dwyer, Justice of the Peace for Monett Township, Barry County, Missouri, on the 9th day of October, 1922, giving the amount of the judgment and the pendency of the suit in the circuit court. This notice was signed as

follows: "St. Louis-San Francisco Railway Co., by Mann & Mann, its attorneys," and is followed by, "Service of a copy of this notice acknowledged this 21st day of December, 1922," signed, "Sizer & Gardner, attorney for plaintiff."

When the case was reached in the circuit court the attorneys for plaintiff filed a motion in which they sought to have the circuit court affirm the judgment rendered in the justice court, the ground being that the defendant had "failed to give plaintiff any sufficient or legal notice of said appeal as required by law," which motion was signed by Sizer & Gardner, attorneys for plaintiff. The trial court refused to affirm the judgment and the plaintiff refused to further appear or prosecute the action, whereupon the court dismissed the cause and entered judgment for the defendant.

The record here fails to show, either in the record proper or in the bill of exceptions, that any steps were taken in the nature of a motion for a new trial, motion for rehearing, or motion in arrest of judgment, to which the attention of the trial court was called to the alleged error. We, therefore, find the appellant standing in this court solely on the question of the insufficiency of the notice of the appeal from the justice court to the circuit court; and the respondent here standing, first, on the ground that the notice, under the recent decisions, of the Supreme Court, and other Courts of Appeals, is sufficient; and further on the ground that there is nothing here for this court to review because no motion for a new trial, or rehearing, or motion in arrest was filed in the circuit court. As stated before, in making the decision on these two questions we find ourselves entirely at a loss to decide the question, whether plaintiff's cattle were damaged or not, which was the substance of the law suit and the one that the litigants had a right to expect to be tried and determined by the courts.

The judgment of the trial court as it comes to us must be affirmed for two reasons: First, the appellant

failed to preserve any motion for new trial or in arrest of judgment in the bill of exception in the trial court. This has been held as a necessary step in order to have the action on such motion reviewed in the appellate court. [See Schuchart v. Brasler, 249 S. W. 164; Coffey v. Carthage, 200 Mo. l. c. 629, 98 S. W. 562; Leahy v. Mercantile Trust Co., 247 S. W. l. c. 401; Equitable Life Assurance Co. v. National Bank, 197 S. W. 115.]

A number of decisions of appellate courts in this State, including this court, have given very strict construction to section 2905, Revised Statutes 1919, calling for the giving of notice of appeal by appellant in the justice court. The trend of the later opinions, however, is to construe this statute in a more liberal way, and as we understand the rule as approved by the more recent opinions of the Supreme Court, it is that if the written notice is such that it in fact reasonably describes the cause of action, the judgment, the parties and the information that an appeal has been taken, it is sufficient to satisfy the statute. In the instant case the caption correctly describes the plaintiff and the defendant; it was addressed to the attorneys for the plaintiff who, in writing, acknowledged the notice; it told the amount of the judgment, the justice before whom it was rendered, and that an appeal had been taken. It was also common knowledge that the St. Louis-San Francisco Railway Company was not operating its road at the time plaintiff's cattle were killed and that James C. Davis, at the time the suit was brought, was the Federal Agent of this road.

As we understand the last decision of the Supreme Court concerning the sufficiency of the notice, it is that while a written notice is required yet it is sufficient if it informs the appellee of enough of the facts concerning the appeal, from which any reasonable person would conclude that he had knowledge, that the appeal had been taken. [See Davenport Vinegar & Pickle Wks. v. Shelly, 217 S. W. 267. See same case, dissenting opinion, 196

S. W. 1037; Wolf v. Marples, 231 S. W. 1019; Raney v. Church, 231 S. W. 1017.]

In the case of Hoffman Bros. Piano Co. v. Morris, 190 Mo. App. 383, 177 S. W. 320, which was upheld by the Supreme Court in 204 S. W. 1082, we followed the line of cases holding to a strict construction of this statute and the Supreme Court affirmed that judgment, it being certified to that court by one of the judges. Since that time, however, in Davenport Vinegar & Pickle Wks. v. Shelly, 217 S. W. 267, the Supreme Court held that the statute was entitled to a liberal construction with reference to sufficiency of the notice and mentioned that a number of opinions had been rendered, without naming them, which had held to too strict a rule. We, therefore, disapprove the ruling in Hoffman Bros. Piano Co. v. Morris, 190 Mo. App. 383, 177 S. W. 320, in so far as it conflicts with the later opinions of the Supreme Court and with this opinion.

We hold, therefore, that the trial court ruled properly in refusing to affirm the judgment of the justice court because of an insufficient notice of appeal; and second, because the appellant here failed to file a motion for new trial, or in arrest, complaining of the action of the trial court in that particular. The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.