DAVELLA BARNES ET AL., Respondents, v. HENRY C. PREWITT, Appellant.

Kansas City Court of Appeals, December 5, 1887.

1. PRACTICE—PLEADING—AMENDMENT STATING A NEW CAUSE OF AC-TION.—A plaintiff must recover on the cause of action stated in his petition, and a judgment cannot be upheld upon an amended petition which states a new cause of action.

2. ——— CONSTRUCTION OF SECTION 3570, REVISED STATUTES.—The statute (sect. 3570, Rev Stat.) provides that, "after final judgment * * * the court may * * * amend, in affirmance of such judgment, any record, pleading, etc., by adding or striking out the name of a party; or by correcting a mistake in the name of a party; or a mistake in any other respect; or by rectifying defects, or imperfections in matters of form, and such judgment shall not be reversed or annulled therefor." But this statute does not authorize the amendment of a pleading by the statement of a new cause of action.

APPEAL from Linn Circuit Court, HON. G. D. BURGESS, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

A. W. MULLINS, for the appellant.

I.   It is insisted on behalf of the appellant that the circuit court erred in the trial of this cause. (1) In the submission of issues to the jury. (2) In refusing to give to the jury the defendant's third and fourth instructions. (3) In overruling defendant's motion for a new trial. (4) In making a finding and entering judgment on matters not set up in the petition on which the case was tried. (5) In directing and causing plaintiffs' attorney to file an amended petition totally changing their alleged cause of action from that set up in the petition on which the trial was had.

II.   The pleadings did not authorize the submission

of the issues to the jury. The objections to that action of the court made by defendant at the trial ought to have been sustained.

III.   The defendant's fourth instruction should have been given. A mere voluntary promise to give something, or pay something, is not binding. A promise, to be valid and effectual, must be based on some good or valuable consideration. This elementary doctrine, contained in the refused instruction, should have been applied to the facts in this case as disclosed by the evidence. 1 Story on Contracts [4 Ed.] sects. 426, 427; 1 Parsons on Contracts [5 Ed.] 427, 430.

IV.   The motion for a new trial should have been sustained for several reasons: (1) It stands admitted by the pleadings, and it was in no wise questioned by the plaintiffs, that two of the children of Martha Sandusky, deceased, were not joined either as plaintiffs or defendants in the suit; and the suit was improperly prosecuted without making all the parties jointly interested parties thereto. Rev. Stat., sect. 3466; Bliss on Code Pleading, sects. 24, 61, 62; Whittlesey's Prac. 113; *Little v. Harrington*, 71 Mo. 390. (2) Notwithstanding the two heirs jointly interested with plaintiffs were not made parties, the court made its findings and rendered judgment, as if they had been united in the suit with the other heirs. (3) There was no sufficient evidence to uphold the finding of the court. (4) The finding of the court was not predicated upon any pleadings in the cause.

V.   The petition presented a case of an equitable nature, but the court proceeded with it as if it were an action at law on a simple contract. In this the court erred. The court is limited with respect to the course and manner of the trial, and the relief it may afford, to the pleadings in the cause. Bliss on Code Pleadings, sects. 159–163.

VI.   Resort cannot be had to the amended petition to uphold the judgment rendered. The statute did not authorize such amendment. Rev. Stat., sect. 3570. The

amended petition abandoned the cause of action and the character of the action as presented in the original petition, on which the cause was tried, and stated a new cause of action. *Sturges v. Botts*, 24 Mo. App. 282.

C. BOARDMAN, for the respondents.

I. It is insisted on behalf of the respondents that the court did not err in the trial of this cause; either (1) in the submission of issues to the jury; or (2) in refusing to give to the jury the defendant's third or fourth instruction; or (3) in overruling defendant's motion for a new trial; or (4) in making a finding or entering judgment thereon in the case; or (5) in directing or causing (if the same was done by the court) plaintiffs' attorney to file an amended petition in the case.

II. The pleadings did authorize the submission of the issues to the jury. In support of the action of the court in that particular the following authorities are referred to: Rev Stat. sect. 3601; *Hamilton v. Hamilton*, 59 Mo. 232; *McCullough v. McCullough*, 31 Mo. 226; *Burt v. Rynex*, 48 Mo. 309. In the last-named case the court say: "The exercise of the discretion is not ground for error, unless the party has plainly been injured by it. But the court is not bound by the finding as it would be by a verdict at law. It may adopt it or not at its discretion."

III. The defendant's third and fourth instructions were properly refused. The third was fully embraced in his second, which was given, and so it might be said of his fourth. Defendant's fourth instruction was properly refused for other reasons: (1) It implied that there was a contract in issue between the parties, when there were none of the elements of a contract. (2) The word "owe" used in the instruction was calculated to mislead, being generally used to signify an indebtedness by contract. (3) Because he was virtually estopped by the uncontradicted evidence of plaintiffs' witness and by the written memorandum signed by himself, stating plaintiffs' share in their grandfather's estate which he

held for them.   As to the estoppel reference is made to:
1 Phillip's Evidence (4 Ed.) 543 ; 1 Greenleaf's Evidence
(7 Ed.) sect. 207 ;  *Canal Co. v. Hathaway*, 8 Wend.
480 ; *Frost v. Ins. Co.*, 5 Denio, 154.

IV.   Defendant's motion for a new trial was prop-
erly overruled.   (1)   Because defendant's amended
answer, setting up a defect of parties plaintiff, was filed
too late.   *State ex rel. v. True*, 20 Mo. App. 176 ;
*Murphy v. De France*, 23 Mo. App. 337 ; *Thompson v.
Railroad*, 80 Mo. 521.   (2) Even if the defendant's
answer, setting up defect of parties plaintiff, were not
filed too late, and for that reason his motion for a new
trial should have been sustained, yet the *remittitur*
cured the defect in the verdict and judgment, and the
error was harmless—in fact, the defendant was benefited
to the amount of the *remittitur*, for the omitted parties
are now barred by the statute of limitation.   Rev. Stat.,
sect. 3569.

V.   The court did not proceed as if the case were
an action at law on a simple contract.   The petition
concluded with a general prayer for relief, and the
answer was a general denial.   Under that state of plead-
ings the court could give the plaintiffs the relief to
which they showed themselves entitled.   A court of
equity having once acquired jurisdiction will proceed to
do complete justice between the parties.   *Holland v.
Anderson*, 38 Mo. 55 ; *Nelson v. Betts*, 21 Mo. App.
219.

VI.   The statute authorized the amended petition.
The amended petition did not abandon the cause of
action or the character of the action as presented in the
original petition, but only that part of it which was not
supported by the evidence.   The case of *Sturges v.
Botts* does not apply.

VII.   If there is any error in the proceedings not
affecting the substantial rights of the appellant it should
be disregarded.   Rev. Stat., sect. 3569.

HALL, J.—The plaintiffs, other than the husbands of the married women, are grandchildren of David Prewitt, deceased, and children of Martha Sandusky, deceased, who was a daughter of the said David Prewitt. Martha Sandusky died before the death of her father.

The original petition alleged that David Prewitt, in his lifetime, conveyed real estate and personal property of the value of ten thousand dollars to the defendant, in trust, to hold for the use and benefit of defendant and the other children of the said David Prewitt, the said Martha Sandusky being one of them; and that, at the time of the death of the said David Prewitt, he was possessed of a large amount of personal property, which the defendant converted to his own use. Plaintiffs claimed in said petition that they were entitled to one thousand dollars out of said estate, then wrongfully held by defendant, and prayed the court for a decree ascertaining and declaring the rights of plaintiffs, etc.

To this petition the defendant filed an answer consisting of a general denial.

There was a total failure of proof as to all the allegations of the petition concerning a trust. The evidence did tend to show that David Prewitt, at the time of his death, was the owner of a promissory note for the sum of $2,782.72, and that said note was converted by the defendant to his own use, and that a settlement was made by the defendant with Samuel D. Sandusky, as agent for the plaintiffs with respect to said note, and that in such settlement there was found to be due plaintiffs the sum of $347.84.

On the petition and evidence the court rendered judgment against the defendant for the sum of $347.84, and interest thereon at the rate of six per cent. per annum from the first of December, 1873.

The defendant filed a motion for a new trial, which was overruled by the court. The bill of exceptions recites: "The court thereupon directed the plaintiffs' attorney to file an amended petition in aid of the judg-

ment rendered, specifying the allegations that might be inserted in such amended petition. The plaintiffs' attorney thereafter, on the twelfth day of December, 1884, filed an amended petition in said cause as follows : '' and then the amended petition is set out in full. The petition alleged that David Prewitt died intestate December 1, 1873, seized of the note hereinbefore mentioned ; that no administration was ever had on the said estate ; that upon the death of the said David Prewitt the defendant took charge of the said note and converted the same to his own use. The petition then avers the settlement by the defendant with the agents of plaintiffs already referred to, various demands for the amount therein agreed upon, various promises by the defendant to pay, and his refusal and failure to make such payments.

From this statement of the facts it appears that, under the evidence, and the original petition, the defendant should have had judgment. The plaintiffs had made out no cause of action. There was no evidence of a trust. For the conversion of the personal property left by the deceased, David Prewitt, the latter's heirs did not have a cause of action. The right to the possession of that property belonged solely to the personal representative of David Prewitt ( *State ex rel. v. Moore*, 18 Mo. App. 410 ), and the right to maintain an action on account of its conversion said representative alone had.

So far as concerns the right of the plaintiffs to recover on the ground of the settlement referred to, it is sufficient to say, that the original petition was silent as to the said settlement, and that, therefore, under said petition, the plaintiffs had no such right, since the plaintiff must recover on the cause of action alleged in the petition ; and that the judgment cannot be upheld by the amended petition, because it stated a new cause of action, in so far as concerns the said settlement.

In no other respect was the amended petition better than the original petition. Section 3570, Revised Statutes, is relied upon as authority for the filing of the

amended petition. That statute provides: "After final judgment rendered in any cause, the court may, in furtherance of justice, and on such terms as may be just, amend, in affirmance of such judgment, any record, pleading, process, entries, returns, or other proceedings in such cause, *by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by rectifying defects or imperfections in matters of form, and such judgment shall not be reversed or annulled therefor.*" This statute does not authorize the amendment by the statement of a new cause of action.

Judgment reversed and cause remanded. All concur.