Hammond v. Kroff.

R. R. Hammond *et al.*, Respondents, v. Charles Kroff, Appellant.

St. Louis Court of Appeals, April 29, 1889.

Justices' Courts : NOTICE OF APPEAL. A notice of appeal from a justice of the peace which describes the judgment appealed from as having been rendered on June 21, 1887, when in fact it was rendered on June 4, 1887, is not a compliance with the statutory requirement of notice, and a judgment dismissing such appeal for want of legal notice is not erroneous.

*Appeal from the Greene Circuit Court.*—Hon. W. D. Hubbard, Judge.

Affirmed.

*Silsby & Buckley*, for the appellant.

The defendant being a non-resident of the county where suit was brought had twenty days in which to take his appeal. R. S., sec. 3041. The second term of circuit court after appeal was taken was May term, beginning May 7, 1888, the notice thereof being given April 18, 1888, was ten days before second term after appeal. R. S., secs. 3055, 3056, 3057. If appellee does not reside in the county, service of notice on agent is sufficient: so service on McCammon was sufficient. R. S., sec. 3055. A service of notice of appeal on the attorney of a resident appellee is not good, but the attorney can waive or acknowledge service of such notice. *McDonough v. Daly*, 3 Mo. App. 606 ; *Bates & Wright v. Scott Bros.*, 26 Mo. App. 428 ; *Jordon v. Bowman*, 28 Mo. App. 608.

*Thrasher, White & McCammon*, for the respondents.

The notice relied upon by appellant is a notice of appeal from another judgment and not the one appealed from in this cause. No notice of appeal from this judgment was ever served on plaintiffs. The notice required to be given plaintiffs shall be "in writing, stating the fact that an appeal has been taken from the judgment therein specified." The notice shall be served as "an original writ of summons or by delivering a copy of the same to the appellee." R. S. 1879, sec. 3055. The notice served on plaintiffs' attorney was not a notice of appeal from the judgment of June 4, 1887. It was notice of an appeal from a judgment rendered June 21, 1887. "Where the statute specially prescribes the character and manner of service it is strictly construed." *Hyde v. Goldsby*, 25 Mo. App. 34 ; *Fuller v. McClure*, 25 Mo. App. 418 ; *Blanton v. Jamison*, 3 Mo. 52 ; *Smith's Adm'r v. Rollins*, 25 Mo. 408 ; *City of St.*

*Louis v. Goebel*, 32 Mo. 295 ; *Hewit v. Weatherly*, 57 Mo. 276 ; *Allen v. Singer Mfg. Co.*, 72 Mo. 328 ; *Cloud v. Pierce City*, 86 Mo. 359. "Under statutes like this it is not the fact that the party to be notified has actual knowledge of the appeal but it is proof that it has been conveyed to him in the prescribed method, that gives the right of action." *Hyde v. Goldsby, supra ; Bank v. Siman*, 79 Mo. 529.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs, as partners, recovered a judgment against defendant before a justice, June 4, 1887, from which defendant subsequent to the day of its rendition, but in due time, appealed to the circuit court of Greene county.

The appeal was returnable to the October term of said court. More than ten days before the next succeeding term, the appellant filed in the circuit court the following written notice of appeal, and acknowledgment of service :

" R. R. Hammond and
B. P. Primm, Plaintiffs,
        *vs.*
" Chas. Kroff, Defendant. }

" *To the above named plaintiffs* :

"You are hereby notified that I have taken an appeal from the judgment of A. H. Wilson, Recorder and *Ex-officio* Justice of the Peace, Springfield, Missouri, rendered by him on the twenty-first day of June, 1887, against me in the above entitled cause.

"( Signed )     CHARLES KROFF,
        by SILSBY & BUCKLEY, Attorneys. "

"I acknowledge service of above notice on me this eighteenth day of April, 1888.

" J. P. McCAMMON, Attorney for Plaintiffs."

The plaintiffs thereupon by attorneys, appearing for that purpose only, moved the circuit court to dismiss the appeal for want of sufficient notice of appeal. Upon the hearing of this motion it was admitted that one of the plaintiffs was not in Greene county when service of the notice of appeal was acknowledged by the attorney, but no other evidence bearing on the present controversy was offered. The court thereupon dismissed the appeal, and the propriety of such dismissal is the only question presented for our consideration.

The notice of appeal is a thing apart from the actual knowledge which a party may have, that an appeal has been taken, and great particularity is required in such notices. Wade on Notice, sec. 1211. So in *McGinniss v. Taylor*, 22 Mo. App. 514, the misrecital of the initial letters of the defendant's name was held to be a fatal defect which could not be cured, by oral evidence in the circuit court. In *Tiffin v. Millington*, 3 Mo. 418, Millington had sued Lawless by attachment, and summoned Tiffin as garnishee. Judgment was rendered before the justice against the garnishee, who appealed and gave a written notice of appeal to the plaintiff in which he described himself as the defendant. This notice was held insufficient, the court saying the notice did not describe the cause and belongs properly to some other suit between the parties.

Applying the law thus decided to the case before us, and we must affirm the judgment of the circuit court in dismissing the appeal. The notice has reference to a judgment rendered June 21, 1887, whereas the judgment appealed from was rendered June 4, 1887. The statute requires a notice in writing, stating the fact that an appeal has been taken from the judgment *therein specified.* In the absence of anything to the contrary in the record, we must assume that the judgment appealed from in this case is not the judgment specified in the notice.

This view dispenses with the necessity of passing upon the further question, whether the` attorney's acceptance of service was equivalent to a waiver of the statutory service of notice, or whether the attorney could by acceptance waive service upon his client who was a resident of the county.

The judgment is affirmed. All the judges concur.