THE HOLSCHEN COAL COMPANY, Appellant. v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, March 22, 1892.

1. **Justices' Courts: APPEALS: NOTICE.** A notice of appeal from the judgment of a justice of the peace correctly stated the style of the cause, the name of the justice and the month, but not the day of the rendition of the judgment, and could only refer to the judgment actually appealed from, since there ~~~ no evidence or claim that it was applicable to any other. *Held*, that the notice was sufficient.

2. —— : —— : —— : WAIVER OF DEFECTS. *Semble*, that by the acknowledgment of service of notice of such an appeal the appellee waives all formal defects in the notice.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Robert L. McLaran*, for appellant.

The notice of appeal in this case is not sufficient. The appellee has not waived the notice by signing its name to the printed indorsement on the back in acknowledging service. *Tiffin v. Millington*, 3 Mo. 418; Wade on Notice, sec. 1211; *McGinnis v. Taylor*, 22 Mo. App. 513; *Hammond v. Kroff*, 36 Mo. App. 118; *Cella v. Schnairs*, 42 Mo. App. 316. Under statutes like ours for taking an appeal, it is not the fact that the party to be notified has actual knowledge of the appeal, but it is the fact that it has been conveyed to him in the prescribed method, that gives the right of action. *Bank v. Siman*, 79 Mo. 529; *Hyde v. Goldsby*, 25 Mo. App. 34; *Allen v. Mfg. Co.*, 72 Mo. 328.

*H. S. Priest* and *H. G. Herbel*, for respondent.

BIGGS, J.—The only question presented by this record is the sufficiency of a notice of an appeal from a judgment rendered by a justice of the peace. The plaintiff had judgment before the magistrate, and, subsequently to the day of trial, but within the time prescribed by law for taking appeals in such cases, the defendant perfected its appeal, and a transcript of the proceedings was transmitted to the clerk of the circuit court. The judgment was rendered on the fifth day of April, 1890. and ten days before the term of the circuit court succeeding the appeal the plaintiff's president accepted service of this notice:

"Holschen Coal Company, Plaintiff, ⎫     Before P. Shee-
                    v.                  ⎪   han, Justice of
"Missouri Pacific Railway Com- ⎬   the Peace.
          pany, Defendant.      ⎭

" *To Holschen Coal Company, Plaintiff:*

"You are hereby notified that the Missouri Pacific Railway Company, defendant herein, has appealed from the judgment of the justice in the above-entitled cause rendered April 1, 1890, to the June term of the circuit court within and for the city of St. Louis, state of Missouri.

"[ Signed ]                        THOMAS J. PORTIS,
                              "Attorney for Defendant."

On the back of this notice was the following:

"Service of the within notice is hereby acknowledged this twenty-second day of May, 1890.

"[ Signed ]                      J. H. HOLSCHEN,
                                    "President."

At the December term ( 1890 ) of the circuit court, being the third term of the court after the appeal, the plaintiff moved for an affirmance for want of a notice of appeal. This motion the court overruled. On the day following, the court, on the defendant's motion, dismissed the cause for want of prosecution. This action of the court the plaintiff assigns for error.

There has been some very technical law written by the courts of this state on the sufficiency of notices of appeal from judgments rendered in justices' courts, and it is quite difficult to defend the rulings, when the informality and simplicity in the proceedings of such courts are considered. They can *only* be justified on the ground that a laxer rule might, under some circumstances, result in injustice. The first case on the subject is that of *Tiffin v. Millington*, 3 Mo. 418. In that case Millington sued one Lawless before a magistrate. Tiffin was summoned as garnishee. Judgment was rendered against Lawless, and also against Tiffin. Tiffin appealed. In the notice of appeal which was served on Millington,

The Holschen Coal Co. v. The Mo. Pac. Ry. Co.

Tiffin describes himself as a *defendant* instead of a *garnishee.* The court said: "It is obviously a notice which does not describe the cause and belongs properly to some other suit between the parties." This case has never been overruled and is binding on us, but it is believed that our present supreme court would decline to follow such a ruling. Following the *Tiffin case* the Kansas City Court of Appeals, in the case of *McGinnis, etc., Hardware Co. v. J. J. Taylor*, 22 Mo. App. 513, decided that a notice of appeal was insufficient, in which the defendant was named as C. C. Taylor. This court in *Hammond v. Kroff*, 36 Mo. App. 118, held that the notice of appeal in that case was insufficient, because it described the judgment as of date June 21, 1887, whereas the judgment from which the appeal was taken was rendered on June 4, 1887. It will be observed that the notices in the foregoing cases actually *misdescribed* the judgments. In the case at bar there is no misdescription, but objection is made that the notice was void for insufficiency, in that it failed to state in whose favor the judgment was rendered, the nature of the suit, the amount of the judgment, or the date when rendered. These objections fall outside of the adjudicated cases, and, as we think they are without merit, we will overrule them. If the *only* object of a notice is *to notify*, then we are of the opinion that the notice, the service of which was acknowledged by Mr. Holschen, the plaintiff's president, was sufficient to notify him that the judgment rendered against the defendant by Justice Sheehan on April 5, 1890, and in favor of the plaintiff, had been appealed to the circuit court. This would seem to be the rational and only conclusion in the absence of any evidence or claim that another judgment had been rendered by Justice Sheehan in the month of April, 1890, between the same parties.

The action of the circuit court also finds support in the case of *Cella v. Schnairs*, 42 Mo. App. 316, in which this court, through Judge ROMBAUER, decided that the

appellee's attorney, by accepting service of notice of appeal, thereby waived the necessity of a signature to the notice. So in this case it might be argued that the plaintiff's president waived all formal defects in the notice by acknowledging its service.

We are of the opinion that the circuit court was right in its rulings, and, therefore, the judgment will be affirmed. All the judges concur.