COLLIER, Appellant, v. THE LANGAN & TAYLOR STORAGE & MOVING COMPANY, Respondent.

St. Louis Court of Appeals, December 17, 1907.

NOTICE OF APPEAL: Justice of the Peace: Date of Judgment. Where a notice of appeal from a judgment of a justice of the peace correctly gave the title of the case, the justice before whom the judgment was rendered, the amount of the judgment, the number of the case in the Circuit Court, where it was pending, it was sufficient, although it gave an erroneous date of the judgment; such notice was sufficient to give the appellee complete information that an appeal had been taken in that case.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Brownrigg, O'Brien & Mason* for appellant.

(1) It is settled law in this jurisdiction that actual misdescription in a notice of appeal of the cause on ap-

peal or of the judgment appealed from is a fatal defect. Tiffin v. Millington, 3 Mo. 418; McGinniss v. Taylor, 22 Mo. App. 513; Hammond v. Kroff, 36 Mo. App. 118; Coal Co. v. Railroad, 48 Mo. App. 578; Drug Co. v. Hill, 61 Mo. App. 680; Stone v. Baer, 82 Mo. App. 339; Cooper v. Northern Acc. Co., 117 Mo. App. 423. (2) The Kansas City Court of Appeals and this court have steadily recognized the distinction between notices of appeal lacking in fullness and precision, by reason of omission and those fatally defective because of misdescription. Munroe v. Herrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App. 670; Teasdale & Co. v. Fruit Co., 120 Mo. App. 584. (3) It has been held, over and again, that actual knowledge of an appeal being taken, even though appellee stands by and sees it perfected, in no way affects the necessity of giving the statutory notice. Evans v. Railroad, 58 Mo. App. 427; Hathaway v. Ry. Co., 94 Mo. App. 343. (4) Evidence *aliunde* will not be received to show to what case the notice was understood to refer, where it contradicts the notice.

*Kinealy & Kinealy* for respondent.

(1) The notice of appeal served on appellant was sufficient. Teasdale & Co. v. Fruit Co., 120 Mo. App. 584; Munroe v. Herrington, 99 Mo. App. 288; Igo v. Bradford, 110 Mo. App. 670. (2) The error as to the date of the judgment was corrected by the reference to the files in the circuit court. Hays v. Perkins, 109 Mo. 102; West v. Bretelle, 115 Mo. 653; St. Louis v. Gaslight Co., 155 Mo. 1; Presnell v. Headley, 141 Mo. 187; Adler v. Railway, 92 Mo. 242; Railroad v. View, 156 Mo. 608; Rosenberger v. Railroad, 96 Mo. App. 504; Bambrick v. King, 59 Mo. App. 284; State v. McElheney, 20 Mo. App. 584.

GOODE, J.—The only point for decision in this appeal is whether or not a notice of an appeal by the de-

fendant company (respondent here) from a judgment in favor of plaintiff, rendered by a justice of the peace, was sufficient. The defendant is engaged in the business of moving and storing furniture in the city of St. Louis and was employed by plaintiff, March 31, 1906, to remove certain personal property, chiefly clothing and household furniture, from plaintiff's residence 4124 Delmar boulevard in the city of St. Louis, to 4236 Cleveland avenue. The property was damaged by a fire while in transit and this action was instituted before a justice of the peace to recover the damages. In defense it was pleaded that plaintiff carelessly and negligently permitted a stove with live coals of fire in it to be loaded into the van along with his other furniture; that defendant's servants were not aware the stove contained fire, and the motion of the van jostled the coals out and ignited the property. The trial before the justice resulted in a verdict and judgment for plaintiff and defendant appealed to the circuit court. The judgment was rendered by the justice on August 6, 1906. The notice of the appeal was as follows:

"Needham C. Collier, Plaintiff, v. Langan & Taylor Storage & Moving Company, a corporation, Defendant.

"Before A. O'Hallaron, Justice of the Peace Within and for the fifth District, City of St. Louis, Mo.

"To the Plaintiff in the Above Entitled Cause, or His Attorney Before the Justice:

"You will please take notice that on or about the 16th day of August, 1906, the defendant appealed from the judgment rendered by the above-named justice of the peace in the above cause in favor of the plaintiff on the 26th day of July, 1906, for the sum of $350 and costs, and that said cause on appeal is now pending in the circuit court of the city of St. Louis, in Room 2 thereof, and is known as cause No. 43202A of said court.

"LANGAN & TAYLOR STORAGE & MOVING COMPANY."

It will be observed that the foregoing notice de-

scribes the judgment as having been rendered on July 26, 1906, instead of August 6th, the true date, and for this reason it is contended the notice was fatally defective. No doubt this point would be well taken if the notice was not otherwise sufficient to apprise the plaintiff beyond possibility of doubt in what cause the appeal had been taken, and to what court. But the title of the cause is correctly stated; also the justice of the peace before whom it had pended and who had given the judgment, the amount of the judgment and that the cause was then pending in Room 2 in the circuit court of the city of St. Louis and was known as case No. 43202A of said court. The only error in the notice was the misstatement of the date of the judgment. But this error could not have misled the plaintiff in view of the other elements of description of the cause, which pointed unmistakably to the case in which the appeal was taken and the judgment it was taken from. While much strictness has been insisted on in notices of appeal, this policy ought not to be extended so as to produce absurdity. It would be little less than absurd to hold plaintiff was not given sufficient information to apprise him completely of the appeal. This matter has been discussed in several cases recently by this court, and the doctrine stated that the notice is good if it is full enough to identify the judgment appealed from and informs the nonappealing party that an appeal has been taken. [Munroe v. Herrington, 99 Mo. App. 288, 73 S. W. 221; Igo v. Bradford, 110 Mo. App. 670, 85 S. W. 618; Teasdale v. Fruit Product Co., 120 Mo. App. 584, 97 S. W. 655.] It is true the erroneous date of the judgment might have misled the plaintiff if it stood alone; but as the amount of the judgment is given, the justice who rendered it named, and the number of the case in the circuit court referred to, it would be a sacrifice of reason and justice to say the clerical misprision in the date should so far transcend in importance all the other elements of the

notice as to be fatal to the appeal. Palpable clerical errors are not allowed that force in any class of judicial records or documents.

The judgment is affirmed. All concur.