CLAY, Etc., Respondent, v. TURNER, Appellant.

St. Louis Court of Appeals, February 23, 1909.

**JUSTICES OF THE PEACE: Appeals: Notice of Appeal: Date of Judgment.** Where a judgment was rendered before a justice of the peace in favor of J. S. Clay, administrator of the estate of J. A. Abernathy and against George Turner, defendant, and on appeal to the circuit court a notice of appeal was served upon the plaintiff by the defendant which described the judgment as one rendered in favor "of the said Abernathy and against the said Turner" and gave the date of the judgment as five days later than the date of the judgment actually rendered, the notice was insufficient.

Appeal from St. Francois Circuit Court.—*Hon. Chas. A. Killian,* Judge.

AFFIRMED.

*D. L. Rivers* and *R. C. Tucker* for appellant.

GOODE, J.—On August 7, 1905, judgment was rendered against defendant in the above cause by a justice of the peace having jurisdiction of it. On August 12th, following, an appeal was allowed to the circuit court. Notice of the appeal was served on the plaintiff November 28th. Said notice stated an appeal had been taken from the judgment of G. W. Covington justice of the peace for St. Francois township, St. Francois county, Missouri, rendered August 12, 1905, for $200, in favor of said Abernathy and against said Turner, returnable to the circuit court of St. Francois county. A motion was filed by plaintiff's administra-

tor, plaintiff having died meanwhile, to affirm the judgment because notice was not given until after two terms of the circuit court at which the cause was triable had passed, to-wit; the November term, 1905, and the May term, 1906. As regards time of service, the motion to affirm was not well taken, because the notice was served more than ten days prior to the said May term, and as the previous November term was the first one at which the case was triable, an affirmance for undue delay could not be ordered. [2 Mo. Ann. Stat., sec. 4076.] But on the trial of the motion to affirm, the justice's transcript was introduced, and this showed the judgment was rendered August 7th, as stated, instead of on the 12th, as recited in the notice of appeal. Hence defendant did not give notice of appeal from the judgment rendered, unless we can say that judgment was sufficiently described to identify it, even though its date was erroneusly stated. This point has been twice determined adversely to defendant's contention, and notices held insufficient which incorrectly stated the dates of the judgments appealed from. [Hammond v. Kroff, 36 Mo. App. 118; Cooper v. Acc. Co., 117 Mo. App. 423.] The principle of the decisions is that as the statute (sec. 4074) requires the notice to state that an appeal has been taken from a judgment "therein specified," to mention a judgment of another date than the true one is misleading. Late cases have relaxed somewhat the stringency of the requirements in notices of appeals from justices of the peace, but we know of no precedent which overrules or is inconsistent with the decisions upon the point in controversy cited supra. In Monroe v. Herrington, 99 Mo. App. 288, this court held the date of the judgment need not be given if it is otherwise sufficiently identified but did not pass on the effect of stating a wrong date. A notice must sufficiently specify the judgment to identify it and inform the party in whose favor it was given an appeal has been taken. [Monroe v. Herrington, supra; Igo v. Bradford,

110 Mo. App. 670; Teasdale v. Produce Co., 120 Mo. App. 584.] The misrecital of the judgment prevented the notice from being a compliance with the statute as construed by the courts. It follows the ruling of the circuit court should be affirmed. All concur.