THOMAS H. POTTS, Respondent, v. ALBERT M. NAHM, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 17, 1910. Opinion Filed March 22, 1910.

1. JUSTICES' COURTS: Notice of Appeal: Sufficiency. A notice of appeal from a justice of the peace, setting out the venue, the court in which the appeal was pending, the names of the parties, addressed to plaintiff, and giving the name of the justice rendering the judgment, but not giving the amount of the judgment, nor anything by which it could be identified other than the names of the parties, giving a wrong date of the judgment; and, instead of stating that the appeal was to the circuit court, stating that the judgment was rendered in the circuit court, is insufficient.

2. ——: ——: ——: Amendment After Affirmance: Statute
of Jeofails. The Statute of Jeofails, section 660, Revised
Statutes 1899, providing that after final judgment, the court,
in furtherance of justice and on just terms, may amend in
affirmance of the judgment any proceedings in the case, etc.,
does not authorize an amendment of a notice of appeal, which,
without amendment, would not be sufficient as notice, especial-
ly after judgment, when its effect would be not to uphold, but
to overthrow, the judgment.

Appeal from St. Louis City Circuit Court.—*Hon.*
*Eugene McQuillin,* Judge.

AFFIRMED.

*R. L. Shackelford* and *J. C. Kiskaddon* for appel-
lant.

(1) A mistake in a notice of appeal from the judg-
ment of a justice of the peace as to the date of the
judgment appealed from, will not deprive the appellant
of the benefit of his appeal, if it appears that there
is enough in the notice to apprise the appellee what
judgment was appealed from, or if it is not shown that
there is some other judgment, or unless it appears that
the appellee has been misled by the notice to his injury.
The object is to notify, and if under a fair considera-
tion of the notice it does so, it is sufficient. Holshen v.
Railroad, 48 Mo. App. 578; Collier v. Storage Co.,
128 Mo. App. 113; Taff v. Insurance Co., 127 Mo. App.
308; Monroe v. Herrington, 99 Mo. App. 288; Igo v.
Bradford, 110 Mo. 670; Teasdale v. A. F. P. Co.,
120 Mo. App. 584. (2) The statute provides that
in appeals from courts of justices of the peace the trial
in the appellate court shall be governed by the practice
in said court. R. S., sec. 4080. (3) The code of prac-
tice authorizes, or when it is in furtherance of jus-
tice and does not affect the substantial rights of the
adverse party, requires that permission be given to
amend any of the proceedings in a cause, even "pro-
cess," at any stage of the case, either before or after

judgment. R. S., secs. 657, 659, 660, 672, 673. (4) It has been invariably held that obvious clerical errors may be amended at any stage of the proceedings in a case. Hackett v. Van Frank, 119 Mo. App. 648; Metz v. Wright, 116 Mo. App. 631; Elliott v. Buffington, 149 Mo. 663; Water Co. v. Dreyfus, 104 Mo. App. 434; State v. Baird, 108 Mo. App. 163; Jarbee v. Hillman, 19 Mo. 141; Jump v. McClurg, 35 Mo. 193; Jones v. Cox, 7 Mo. 173; Moss v Thompson, 17 Mo. 405. (5) Even in cases where the clerical error is in the process, and is such that the court would not have jurisdiction of the case, unless the process is amended, yet, if it appears that the adverse party could not, and, as in the case at bar, was not misled, and if it does not appear that he has suffered injury by the error, the court will allow the amendment to be made, thereby acquiring jurisdiction which it otherwise would not have had. Jones v. Cox, 7 Mo. 173; Moss v. Thompson, 17 Mo. 405; Jarbee v. Hillman, 19 Mo. 141; Jump v. McClurg, 35 Mo. 193; Stoner v. Insurance Co., 78 Mo. 655; Whitehill v. Keen, 79 Mo. App. 125; State v. Schnettler, 181 Mo. 173; State ex rel. v. Francis, 95 Mo. 44; Matthews v. Blossom, 15 Me. 400; Ordway v. Wilbur, 16 Me. 263; Judson v. Adams, 8 Cush. (Mass.) 556; Leetch v. Insurance Co., 4 Daly (N. Y.) 518; State v. Bryant, 5 Ind. 192; Pollock v. Hunt, 2 Cal. 193; Culver v. Whipple, 2 Greene (Iowa) 365; Jones v. Miller, 1 Swan (Tenn.) 319; Burton v. Insurance Co., 26 Ohio St. 467; Gribbon v. Freel, 93 N. Y. 93; Allen v. Allen, 14 How. Pr. (N. Y.) 248; Richmond v. Bendson, 86 Geo. 156; Covington v. Cathrous, 35 Geo. 156; McIniffe v. Wheelock, 1 Gray (Mass.) 600; Jackson v. McLean, 90 N. C. 64; Currier v. Bartlett, 122 Mass. 133 Bradbury v. Van Nostrand, 45 Barb. (N. Y.) 194; Ald. on Jud. Writs, 130, et seq.

*Peers & Peers* for respondent.

(1)  A party appealing from a judgment of a justice of the peace shall serve a notice in writing stating the fact that an appeal has been taken from the judgment therein specified. R. S. 1899, sec. 4074.  (2)  To specify means to point out; to particularize; to designate by words, one thing for another.  26 Am. and Eng. Ency. Law (2 Ed.), page 136.  (3)  Appellant having specified a judgment in his notice he is bound by that notice, and if it is defective or inaccurate in a vital point, the notice must be disregarded, and treated as no notice at all.  The notice of appeal is a thing apart from the actual notice which a party may have, that an appeal has been taken, and great particularity is required in such a notice.  Wade on Notices, sec. 1211; Drug Co. v. Hill, 61 Mo. App. 680; Walker v. Carrew, 56 Mo. App. 320; Jordan v. Bowman, 28 Mo. App. 608; Hammond v. Kroff, 36 Mo. App. 118; Cooper v. N. Accident Co., 117 Mo. App. 423; Clay v. Turner, 135 Mo. App. 596.

REYNOLDS, P. J.—On December 14, 1908, plaintiff recovered judgment by default before John T. Sanders, Esq., a justice of the peace of the Ninth District of the city of St. Louis, on an account in the sum of $500.  Defendant was a non-resident of the city of St. Louis, residing in St. Louis county, and under section 4060, R. S. 1899, he was allowed twenty days in which to take an appeal.  On the 2nd of January, 1909, he filed his affidavit and bond, the latter being approved, and the appeal granted to the circuit court of the city of St. Louis.  On the 20th of January, 1909, the following notice of appeal was served on plaintiff by the sheriff of the city of St. Louis:

"State of Missouri, City of St. Louis, ss.

"In the Circuit Court, February term, 1909.

"Thomas H. Potts, plaintiff, v. Albert M. Nahm, Defendant.

"To Thos. H. Potts:

"You are hereby given notice that the deft. in the above entitled cause has taken an appeal from the judgment of John T. Sanders, Justice of the Peace of, for and in the Ninth District of the City of, St. Louis, in said County and State, from the judgment rendered against said deft. on the 14th day of January, 1908, in the Circuit Court of St. Louis City, Missouri.

"Albert M. Nahm,

"By J. C. Kiskaddon, his attorney."

This notice, with the return of the sheriff, was filed in the office of the clerk of the circuit court January 28, 1909. Afterwards, on April 6th and at the April term of the circuit court of the city of St. Louis, which was the second term after the rendition of the judgment, the plaintiff moved the court to affirm the judgment of the justice on the ground that the appeal was not allowed on the same day on which the judgment was rendered and that no notice of appeal had been served on the plaintiff or any agent or attorney of the plaintiff as is required by law. The court, on May 7th, sustained the motion to affirm the judgment of the justice and rendered judgment in favor of plaintiff and against his sureties on the appeal bond. The defendant at the time excepted to the action of the court in sustaining the motion and in affirming the judgment and at the same time orally asked the court to permit him to amend the notice by striking out of the body of it the word "January" and inserting in lieu thereof the word "December." The court suggested that the defendant make a motion in writing, whereupon the defendant, on May 10th and during the same term, filed his motion to set aside the judgment of affirmance and reinstate the case and permit defendant to make the amendments aforesaid. The grounds set out in this motion are that it appears from the notice itself that the word "January," in the body of the notice, is a mere clerical error, January being written in place of

December; that it appears that the notice "with the obvious clerical error aforesaid is sufficient to inform plaintiff from what judgment an appeal had been taken;" that it appears that the notice was served upon plaintiff and there is nothing to show that he was misled, deceived or injured by the error in the notice. The court overruled this motion, defendant excepting, defendant afterwards filing his bill of exceptions and perfecting his appeal to this court.

Section 4075, Revised Statutes 1899, provides that if the appellant fails to give the notice of the appeal when the notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof or at his instance it shall be continued as a matter of course until the succeeding term at the costs of the appellant, "but no appeal shall be dismissed for the want of such notice." Section 4076 provides that if the appellant fails to give the notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed or the appeal dismissed at the option of the appellee. There is no entry in the record before us of any transaction at the February term of the circuit court, the only entry prior to the April term being that on January 28, 1909, notice of appeal was filed.

In the case of Clay v. Turner, 135 Mo. App. 596, 116 S. W. 480, this court held that a notice of appeal was fatally defective in which the date of the rendition of the judgment was stated to have been August 12th, when in point of fact the judgment was rendered August 7th. The learned counsel for appellant in the case now before us, urges that this decision is erroneous and that the attention of this court was not called to the case of Holschen Coal Co. v. Mo. Pac. Ry. Co., 48 Mo. App. 578, and Collier v. Langan & Taylor Storage & Moving Co., 128 Mo. App. 113, 106 S. W. 593, claiming that if the attention of this court had been called to

those cases the decision in the Clay case would have been different. It is true that there is nothing appearing in the opinion in the Clay case to show that these last two mentioned cases were before the court. The Clay decision, however, is founded upon the decisions in the cases of Hammond v. Kroff, 36 Mo. App. 118, and Cooper v. Northern Acc. Co., 117 Mo. App. 423, 93 S. W. 871, this court stating that the principle of the decisions in these cases is that as the statute (section 4074, R. S. 1899) "requires the notice to state that an appeal has been taken from a judgment 'therein specified,' to mention a judgment of another date other than the true one is misleading." It is further said by this court, Judge GOODE delivering the opinion (l. c. 597), that late cases have somewhat relaxed the stringency of the requirements in notices of appeals from justices of the peace, but that he knows of no precedent which overrules or is inconsistent with the decisions cited supra upon the point in controversy.

Referring to the Holschen Coal Company case, it will be noticed that this court, in an opinion by Judge BIGGS, referring to several cases in which the sufficiency of the notice of appeal had been considered, and referring to Hammond v. Kroff, supra, as holding that the notice of appeal was insufficient "because it described the judgment as of date June 21, 1887, whereas the judgment from which the appeal was taken was rendered on June 4, 1887," refers to this variance in date as actually misdescribing the judgment; certainly nothing is said in the decision that lends color to the claim that the mistake in dates is merely clerical or of no importance. In the Collier case, Judge GOODE specifically calls attention to the fact that the judgment was referred to in the notice as having been rendered July 26th instead of August 26th. Referring to that he says that the point would be well taken if the notice was not otherwise sufficient to apprise the plaintiff, beyond possibility of doubt, in what cause the appeal had been

taken and to what court. He calls attention to the fact that the title of the case is correctly stated, the justice of the peace before whom it had pended and who had given the judgment and the amount of the judgment and that the cause was then pending in room No. 2 in the circuit court of the city of St. Louis and was known as Case No. 43202a of said court, were all in the notice and that the only error in the notice was the misstatement of the date of the judgment.

Examining the notice in the case at bar, we are compelled to say that it is fatally lacking in the elements which this court, in the Collier case, pointed out as present in the notice then before them, as saving that notice. The notice in the case at bar sets out the venue and that the court in which the appeal is pending is the circuit court of the city of St. Louis, February term, 1909; it gives the name of the plaintiff and of the defendant and is addressed to the plaintiff, and it gives the name of the justice who rendered the judgment, but it does not give the amount of the judgment nor anything by which it can be identified other than by the names of the parties and, as noticed, the date of the judgment is given as the 14th day of January, 1908, and instead of stating that the appeal is to the circuit court of the city of St. Louis it has the very inaccurate statement that the defendant "in the above entitled cause has taken an appeal from the judgment of the justice," naming him, "from the judgment rendered against said deft. on the 14th day of January, 1908, in the circuit court of St. Louis City, Missouri." On all the authorities in which the matter of sufficiency of notice has been discussed, we are compelled to hold and do hold that this notice is insufficient and is no such notice as required by the statute.

Appeal is made to the Statute of Jeofails, Revised Statute 1899, section 660. It has been held that this section is remedial and is to be given a liberal construction. But it has been held not to authorize an amend-

ment to a petition after judgment so as thereby to set out a new cause of action. [Barnes v. Prewitt, 28 Mo. App. 163.] And it is also held that amendments to judgments are to be made, not in derogation, but in support of the judgment. [Stewart v. Stringer, 45 Mo. 113.] Amendments to returns are not only authorized by statute but are frequently sustained by decisions of the courts,—as see Phillips et al. v. Evans et al., 64 Mo. 1, l. c. 23. So are amendments allowed to correct mistakes in names of parties "or a mistake in any other respect, or by rectifying defects or imperfections in matters of form, and such judgment shall not be reversed or annulled therefor."

It does not seem to us that broad as is this section of the statute and as liberally as it has been construed, it authorizes an amendment of a paper in a cause so as to make that a notice which without amendment is no notice. Moreover, the offer to amend came after judgment and its effect, if granted, would have been not to uphold but overturn the judgment.

The judgment of the circuit court is affirmed. All concur.

