REINHART GROCERY COMPANY, Appellant, v. MARSHALL RUST et al., Respondents.

St. Louis Court of Appeals, November 3, 1914.

1. JUSTICES' COURTS: Appeal to Circuit Court: Notice of Appeal. The only purpose of the notice of appeal, under Sec. 7582, R. S. 1909, when taking an appeal from a judgment rendered by a justice of the peace, is to notify the adverse party that an appeal has been taken from the judgment therein specified, and hence a notice which is sufficiently descriptive of the judgment to identify it is sufficient, although it does not give the correct date of rendition of the judgment.

2. ———: ———: ———: Sufficiency. A notice of appeal from a judgment rendered by a justice of the peace, which correctly stated the style of the cause, the name of the justice by whom the judgment was rendered, and the precise amount of that judgment, was sufficient, under Sec. 7582, R. S. 1909, although it incorrectly stated the date of rendition of the judgment.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Henderson & Henderson* and *McShane & Goodwin* for appellant.

(1) Notice of appeal from the judgment of a justice of the peace is jurisdictional and must comply with the statute. Such notice must describe the judgment appealed from. It must describe the parties to the suit and if it does not name the same parties named in the judgment there is a fatal misdescription and the notice is no notice at all. Tiffin v. Millington, 3 Mo. 418; McGinness et al. v. Taylor, 22 Mo. App. 514; Smith Drug Co. v. Hill, 61 Mo. App. 680; Stone v. Baer, 82 Mo. App. 339; State to use, etc. v. Hammond et al., 92 Mo. App. 231. (2) If the notice of

appeal gives the wrong date of the judgment, then there has been a fatal misdescription of the judgment appealed from and there is no notice and the circuit court acquires no jurisdiction to do anything other than to affirm the judgment or dismiss the appeal. Hammond v. Kroff, 36 Mo. App. 118; Cooper v. Accident Co., 117 Mo. App. 423; Clay, etc. v. Turner, 135 Mo. App. 596; Comstock v. Teegarden Packing Co., 171 Mo. App. 410. (3) The burden of proof is on appellant to show that a proper notice of appeal has been served upon the opposite party. Comstock v. Teegarden Packing Co., 171 Mo. App. 410.

*Hal. R. Coleman* for respondents.

(1) The object of a notice of appeal is to notify. The notice is good if it sufficiently describes the judgment appealed from to identify it, and inform the party who obtained the judgment that an appeal has been taken; and if, by a fair and reasonable interpretation of the notice, it informs the other party that an appeal has been taken, it is sufficient. Teasdale & Co. v. Fruit Product Co., 120 Mo. App. 584; Igoe v. Bradford, 110 Mo. App. 670; Monroe v. Harrington, 99 Mo. App. 288; Halschen Coal Co. v. Railroad, 48 Mo. App. 578; Allen v. Byerly, 32 Ore. 117; Henders v. Ring, 90 Wis. 358; Noell v. Holmes, 84 Wis. 402; Kirkpatrick v. Railroad, 4 Dak. 481. (2) Appellee's attorney, by accepting service of notice of appeal, thereby waives all defects, if any, in the form of notice. Halschen Coal Co. v. Railroad, 48 Mo. App. 578; Cella v. Schnairs, 42 Mo. App. 316; Jordan v. Bowman, 28 Mo. App. 610; Wade on Notices (2 Ed.), sec. 1211; Rector v. Circuit Court, 1 Mo. 607; Wade on Notices (2 Ed.), p. 611; People v. Gringsby, 62 Calif. 482; Hollister v. Quincy Ins. Co., 118 Mass. 481.

NORTONI, J.—Plaintiff prosecutes this appeal from a judgment of the court dismissing the case, and

the question for consideration relates to the sufficiency of the notice of appeal from the judgment of the justice to the circuit court.

It appears plaintiff, an incorporated company, sued the several defendants, doing business as copartners under the name of Rust, Swift & Company, before a justice of the peace on an open account and recovered a judgment of $215.45 against them on the 8th day of March, and more than ten days prior to the next, or April, term of the circuit court, on March 11th, defendants perfected an appeal from the judgment of the justice to the circuit court. Subsequently, on the 14th day of March, 1912, defendants served a notice of the appeal from the justice's judgment on plaintiff. The appeal was returnable to, and docketed at, the April term of the circuit court, but no entry of appearance on the part of plaintiff was had therein, and the case was continued generally. Thereafter, at the June term of the circuit court—that is, the second term after the appeal was perfected—plaintiff appeared specially for that purpose only and moved the circuit court to affirm the judgment of the justice, because, as it asserted, no notice of appeal from the justice judgment had been given. This motion the court overruled and subsequently called the case for hearing. Plaintiff declined to further appear in the matter and, thereupon, the court dismissed the case for want of prosecution. Thereafter, plaintiff appeared again specially and for the purpose only of moving to reinstate the case on the docket and affirm the judgment of the justice because, as before asserted, no notice of appeal had been given. This motion the court overruled and plaintiff prosecutes the appeal here.

It appears that defendant served a notice of appeal on plaintiff's counsel on the 14th day of March, 1912, reciting the necessary facts concerning an appeal from the judgment of the justice in a case between these parties, except it described the judgment of the

justice appealed from to be one rendered on the 9th day of March, 1912, whereas the judgment appealed from in the instant case was rendered by the justice on March 8 of that year. Therefore, the point pressed by plaintiff in its motion to affirm the judgment for want of notice of appeal, and throughout is, that no notice of appeal was given in the instant case, for that the judgment appealed from is not the judgment described in the notice because of the inaccurate date set forth. The notice of appeal involved here is as follows:

"Before Chauncey J. Krueger, Justice of Peace of the 4th District, City of St. Louis, State of Missouri.

Reinhart Grocery Company, a Corporation, Plaintiff,
v.
Rust, Swift & Company, a Copartnership, defendants.

To the above named plaintiff to Deveraux Henderson its attorney, before the above named justice, take notice that the undersigned defendants, above named, have on this 11th day of March, 1912, taken their appeal from the judgment of the justice in the above entitled cause, rendered on the 9th day of March, 1912, for the sum of $215.45 in your favor and against the defendants. This above appeal has been taken to the circuit court, in the city of St. Louis, State of Missouri, and is returnable to the April term, 1912, of said court."

It is to be observed that, while the notice of appeal above copied misrecites the date of the judgment to have been rendered on the 9th day of March, instead of March 8, it states the amount of the judgment rendered by the justice with precision, that is, $215.45. The circuit court treated this as sufficient to identify the judgment appealed from and proceeded accordingly.

It is argued that the court erred in this view, for it is said the notice of appeal is insufficient because

misleading. But the question must be considered from the standpoint of the statute, which requires no more than notice in writing, stating the fact that an appeal has been taken from the judgment therein specified. [Section 7582, R. S. 1909.] Under this statute, on a prior occasion, the court declared a notice of appeal sufficient which omitted entirely to state the date of the judgment of the justice, because the statute did not require that fact to be recited, as will appear by reference to Munroe v. Herrington, 99 Mo. App. 288, 73 S. W. 221.

But it is said the rule is established by the course of prior decisions to the effect that, where the notice of appeal describes the judgment, as by its date, such date must be accurate and truly descriptive. It is true there are several decisions to the effect stated. These cases proceed in the view that notice under the statute is something distinct and apart from knowledge of the fact, and it is said if the date of the judgment is mentioned in the notice at all, it must be accurately stated, for otherwise the notice is misleading. This court has twice ruled the question as above stated in cases where the notice of appeal involved was otherwise meager in description, as will appear by reference to the cases of Clay v. Turner, 135 Mo. App. 596, 116 S. W. 480 and Hammond v. Kroff, 36 Mo. App. 118; and the Kansas City Court of Appeals has ruled likewise, as will appear by reference to Cooper v. Northern Acc. Co., 117 Mo. App. 423, 93 S. W. 871. So, too, the Springfield Court of Appeals intimated as much, though the point was not in decision, in Comstock v. Packing Co., 171 Mo. App. 410, 420, 421, 156 S. W. 815.

But though such be true, it must be conceded that the only purpose of the notice of appeal is to notify the adverse party that an appeal has been taken from the judgment therein specified. The statute requires no more. [See Holschen Coal Co. v. Mo. Pac. R. Co., 48

Mo. App. 578.] Therefore, if the notice of appeal here involved is sufficiently descriptive of the judgment rendered in the case between these parties to identify it, it is clear plaintiff is not justified in saying he was mislead. Indeed, there is naught in the case to suggest that plaintiff was mislead or that any litigation save this one case was pending between the parties. Here, the notice of appeal appears to be full and complete, in that it identifies the parties to the action, reciting the justice of the peace before whom the judgment was rendered and even the precise amount of the judgment given in plaintiff's favor in dollars and cents—that is, $215.45.

In Clay v. Turner, supra, a notice of appeal reciting all of these facts was declared insufficient, but we are not satisfied with that ruling, for it seems to sacrifice the substance involved. In another case—that is, Collier v. Langan & Taylor Moving Company, 128 Mo. App. 113, 106 S. W. 593—we declared a notice of appeal which stated the name of the justice from which the appeal was taken, the amount of the judgment, and the serial number of the case in the circuit court, to be sufficient, though the date of the judgment before the justice was erroneously set forth therein. This being true, it would seem that the judgment here appealed from is sufficiently identified by stating the case between these parties, the name of the justice of the peace before whom the judgment was recovered, and the precise amount of that judgment. We regard this as sufficiently descriptive to identify the judgment appealed from.

The reasoning in Collier v. Langan & Taylor Moving Company, 128 Mo. App. 113, 106 S. W. 593, portrays the better view, for there, though the date of the judgment given in the notice was erroneous, its substance otherwise sufficiently identified the judgment, so that no ordinarily prudent person could be mislead. See, also, for a like ruling, though on a more meager

description of the judgment, the case of Holschen Coal Co. v. Mo. Pac. R. Co., 48 Mo. App. 578. It may be, as was said in the Collier case, that an erroneous date of the judgment recited in the notice might mislead the adverse party if it stood alone, but as the amount of the judgment is given and the justice who rendered it named, it would be a narrow and technical ruling to say that the notice was insufficient to fulfill the office required, and that is to notify the opposite party that the appeal had been taken. Clay v. Turner and Hammond v. Kroff, above cited, should be overruled, for it cannot be that one is mislead in such cases through a mere error in the date of the judgment, when the other facts of identification are so fully set forth.

Obviously the notice of appeal is otherwise sufficient and the judgment should, therefore, be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.