G. H. STUDER, Respondent, v. F. FEDERLE *et al.*, Appellants.

Kansas City Court of Appeals, April 9, 1894.

1. **Justices' Courts:** APPEAL: NOTICE. Appeal from the justice was taken more than ten days before the September term of the circuit court and after the commencement of the January (next) term of the circuit court the appellant gave notice of appeal; *held*, not in time, and the fact that the justice did not send up the transcript till after the September term does not affect the matter.

2. ——: ——: ACCEPTING SERVICE OF NOTICE: WAIVER. Accepting service of notice of appeal after the time for giving notice, does not waive its untimeliness.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

Studer v. Federle.

*W. R. Hoffman* for appellants.

(1) The court erred in sustaining the motion to affirm the judgment of the justice of the peace, for the reason that said cause had been duly appealed, and it was no neglect on the part of the appellants that the transcript was not filed before the day it was, and no appearance had been entered by the appellee until the January term of this court, 1893; to wit, on January 5, 1893. (2) Because the court erred in sustaining said motion for the reason that the appellants came into the court with their notice of appeal, duly served at the first term after said transcript was filed. *Coal Co. v. Railroad*, 48 Mo. App. 578. (3) Because the court erred in sustaining the judgment at the first term after the justice had filed his transcript when the appellants had given the notice of appeal in due form and filed the same. *Coal Co. v. Railroad, supra.* (4) Because when the appellants came in court at the first term with their notice of appeal duly served, they were entitled to a trial of said cause on its merits.

*W. H. Utz* for respondent.

(1) The court did not err in sustaining motion to affirm the judgment of the justice. (2) Appellants did not serve their notice of appeal ten days before the second term of the appellate court at which their cause was triable, as required by section 6344, Revised Statutes, 1889. (3) The September term of the Buchanan county circuit court, 1892, was the first term of the appellate court to which this cause was triable under section 6341, Revised Statutes, 1889, and hence January term, 1893, the second term. *Horn et al. v. Excelsior Springs Co.*, 52 Mo. App. 548.

ELLISON, J.—This action was begun before a justice of the peace where plaintiff had judgment. Within ten days after the judgment, defendants were allowed an appeal to the circuit court. This was more than ten days prior to the September term of the Buchanan circuit court. Defendant did not give notice of the appeal until after the January term of the circuit court had begun. Whereupon the plaintiff filed his motion asking that the judgment of the justice be affirmed, for the reason that no notice had been given of the appeal, which the court sustained. It appears that the justice did not file his transcript in the circuit court until after the September term. But that fact does not excuse an omission to give notice as required by statute, sections 6342, 6343, 6344. The failure of the justice to file his transcript does not affect the appeal. R. S. 1879, sec. 6337.

On the notice of appeal, given at the time above stated, there was indorsed by plaintiff's attorney, the words, "Jan. 6, 1893. I accept service of above notice." This was not a waiver of *time* of service. The cases of *Holchen Coal Co. v. Railroad*, 48 Mo. App. 578, and *Cella v. Schnairs*, 42 Mo. App. 316, are not applicable. They refer merely to some formalities in the notice. The motion to affirm was properly sustained. The judgment will be affirmed. All concur.