# MISSOURI AUTO SPECIALTY COMPANY, Respondent, v. L. L. FIGGINS, Appellant.

### Kansas City Court of Appeals, May 3, 1915.

1. **PRACTICE, TRIAL: Appeals from Justice Courts: Notice of Appeal: Affirmance or Dismissal for Want of.** The statute providing for terms of the Randolph circuit court to be held at Moberly, in addition to those at Huntsville, the county seat, directs that appeals from a justice court shall go to the court at either place which in the opinion of the justice is most convenient unless the parties agree upon which place it shall go. A litigant in a justice court in said county perfected his appeal and the justice granted it to the circuit court of Randolph county without specifying the place whether at Huntsville or Moberly. He took the transcript and papers, however, to the Moberly office and the case appeared on the docket of that court at the next term which began more than ten days after the allowance of the appeal. No notice of appeal was given at that term nor at the next succeeding term. *Held,* that the judgment of the justice was properly affirmed on motion of the other party.

2. ———: ———: **When Appeals Are Considered as Allowed.** All appeals from justice courts, under the special statute above noted, are governed by the general statutes, and, under them, an appeal is considered as having been allowed whenever the affidavit and bond are filed and no failure to file transcript affects the appeal. The specifying of the division to which

the case is sent, in the order allowing the appeal, is not necessary to confer jurisdiction on the division to which the justice actually returned the case. As soon as the appeal was perfected it was the duty of the appellant to give notice of that fact, and a failure to do so by the second term thereafter left his appeal vulnerable to the penalty for failure to give notice.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

*Willard P. Cave* for appellant.

*W. B. Stone* for respondent.

TRIMBLE, J.—This is an appeal from an order of the circuit court of Randolph county, at Moberly, sustaining respondent's motion to affirm the judgment of a justice of the peace for want of notice of appeal. By section 7581, Revised Statutes 1909, an appeal in a justice court, allowed ten days before the first day of the next term of the circuit court, shall be determined at such term unless continued for cause. Section 7582, of said statutes, provides that if an appeal is not allowed the same day the judgment is rendered, the appellant shall serve the opposite party, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing stating the fact that an appeal has been taken. Under section 7583, if the appellant fails to give such notice, the opposite party may, by entering his appearance at such first term on or before the second day thereof, make the case triable at said first term. But by virtue of section 7584, if the appellant fails to give notice at least ten days before the second term after the appeal is taken, the opposite party is entitled on motion to have the justice's judgment affirmed or the appeal dismissed at his option.

Suit was instituted upon an account in the justice court on August 14, 1913. Summons was duly issued and served upon appellant and the case was by agreement continued in the justice court at various times until January 12, 1914, at which time, the defendant failing to appear, the justice heard plaintiff's evidence and rendered judgment for $151.31.

Three days later, January 15, 1914, defendant filed his affidavit and bond in appeal which was duly approved, and an entry was made by the justice reciting these facts and stating that "the appeal is granted by the justice to the circuit court of Randolph county, Missouri." A transcript was then made out by the justice, and it appears from the record that this transcript and the papers in the case were then deposited by him with the clerk of the circuit court of Randolph county in the Moberly office. The appeal was allowed more than ten days before the first day of the next term of the circuit court of Randolph county, at Moberly, which convened on the first Monday in February, being February 2, 1914. At that term no appearances were made in the case by either party. The next term of the circuit court at Moberly began on the first Monday in June, 1914, it being also the first day of the month. On this day respondent filed motion to affirm the judgment for failure of appellant to give the ten days written notice required by said section 7584.

While this motion was pending and before it was acted upon, appellant, on June 5, 1914, filed his motion and petition for a rule on the justice to certify the appeal in accordance with law, appellant claiming that no appeal had ever been certified as required by statute. This motion was considered and a rule on the justice was issued June 12, 1914, commanding him to certify an appeal in said cause or show cause why he had not done so. In obedience to this order the justice on June 15, 1914, certified and filed an amended transcript which was identical with the former transcript down to and

including the order made January 15, 1914, which re-cites the filing of the affidavit and bond in appeal, and further says that "the same being approved by the justice, the appeal is granted by the justice." To this was appended the justice's official signature. After this, appeared a further entry by the justice to the effect that on the 15th day of June, 1914, in compliance with a rule made upon him by the circuit court, "I here-by grant, allow and certify an appeal by the following additional order: This 15th day of June, 1914, said ap-peal is hereby granted and certified to the circuit court of Randolph county, Missouri, at the Moberly division thereof, neither of the parties to the said cause, nor their attorneys, having agreed in writing upon the court to which said appeal should be allowed and taken."

After this amended transcript was filed the court on June 26, 1914, considered and sustained respond-ent's motion to affirm the justice's judgment because no notice of appeal had been given. It is the validity of this order we are now called upon to consider.

It is appellant's contention that no appeal was properly allowed and certified by the justice until the certification made by him on June 15, 1914, and that since no appeal was certified so as to give the circuit court jurisdiction until this last certificate was made and filed at the June term, the circuit court could not at that same term sustain a motion to affirm for want of notice of appeal.

The claim that no appeal was certified by the jus-tice on January 15, 1914, grows out of the fact that the statute providing for the holding of terms of the Ran-dolph circuit court at Moberly, in addition to those at Huntsville the county seat of that county, contains a section which reads as follows:

"Sec. 13. All appeals from the county court, pro-bate court, municipal corporation courts, justices of the peace and all inferior tribunals in said county of Ran-

dolph, may be granted and certified into the circuit court at the city of Moberly, or the circuit court at the city of Huntsville, in said county, as the one place or the other shall, in the opinion of the judge or justice granting the appeal, be most convenient to the parties, unless the parties to the cause, either by themselves or their attorneys, shall, in writing, filed in said cause, agree as to the appellate court, in which event the appeal shall be certified into the one of said courts so agreed upon in the manner provided by law." [Laws of Mo. 1885, page 118.]

It will be noticed that the first certificate granted by the justice merely stated that the appeal was "granted by the justice to the circuit court of Randolph county, Missouri," and did not specify to which court it was certified whether at Moberly or at Huntsville. And appellant's point is that as the justice did not state to what division of the court such appeal was granted, and as the original transcript was left by the justice in the office of the clerk of the circuit court of Randolph county, but with nothing to indicate in which division the same was to be filed, there was no appeal allowed or certified until the June term and no appellate jurisdiction was vested in the circuit court until the filing of the last certificate, and that the court was without power to affirm the judgment at the same term.

This contention proceeds upon the view that until the justice specified the division of the court, *in the order granting the appeal,* no appeal was allowed; and that as no appeal was allowed until the June term no notice of appeal was required to be given before that time, and that appellant had until ten days before the next term after the June term in which to finally give notice, and that not until this next succeeding term would the court have authority to affirm for failure to give notice.

But even if the special statute above quoted provides how it shall be settled to which division an appeal

shall go, the appeal itself and all procedure in relation thereto is governed by the general statutes governing appeals from justices courts. And appellant's theory, as stated, necessarily proceeds upon the assumption that no appeal is allowed until the justice has specified in his order the division to which the case is to go. But section 7574, Revised Statutes 1909 provides that in all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, *"the same shall be considered as having been allowed by the justice although no entry thereof shall appear in the record."* Section 7575 provides that upon an appeal being made and allowed the court may by rule and attachment compel a return by the justice of his proceedings in the suit, and of the papers to be by him returned. Section 7576 gives the court power, when satisfied the return of the justice is defective, to compel him by rule and attachment to amend the same. And section 7577 provides that the failure to file a transcript within the time therein prescribed "shall not affect the appeal."

So that under these statutes the appeal is considered as allowed when the affidavit and bond are properly filed in time with the justice, and this is so even though no entry to that effect is made by the justice. Consequently, an appeal was allowed on January 15, 1914, to the circuit court of Randolph county. The only thing the justice failed to say in his order was to specify to which division he sent the case. But it is clear that he sent the case to the court at Moberly since he left the papers with the office of the Moberly Division, because the case appeared on the docket of that court, and it is otherwise shown by the record that he did so. When he certified the appeal to the circuit court of Randolph county and then took the certificate and all the papers of the case to the Moberly Division, that was a certifying of the case into that division within the

meaning of section 13 of the special statute above quoted. Certainly, the specifying of the division, in the order made by the justice granting the appeal, was not necessary to confer jurisdiction on the circuit court, that is, it was not jurisdictional as to that division to which the justice actually returned the papers. The appeal, therefore, being deemed under the general statutes above cited to have been allowed as soon as the affidavit and bond were filed, it became incumbent on appellant to give notice to the other party in time to preserve his appeal rights in case the justice sent the appeal to either division. Appellant was not required to state in his notice of appeal the division to which the case had been sent. All that section 7582 requires him to notify the other party of is the fact that an appeal has been taken. The other party must ascertain for himself to what division it has been sent and when it is to come up. Appellant obtained his appeal January 15, 1914, and thereupon the case was likely to be sent to that division most convenient in the opinion of the justice. Appellant's duty was therefore to give that notice which would protect him in whichever division the justice might send it. If he had desired to know to which division it was going and had no means of ascertaining save from the record of the justice, he could have obtained, at any time during the February term, a rule on the justice to state therein to which court he was going to send it, just as he afterwards did at the June term. He made no effort to have this done in time to give notice nor did he give notice in time to protect his rights in the event the justice sent the case to Moberly which the latter did both before and after the rule was served upon him. The appeal was in contemplation of law allowed January 15, 1914, and this made it incumbent upon appellant to notify the other party regardless of what the justice did or failed to do. [Studer v. Federle, 57 Mo. App. 534.]

The order and judgment affirming the judgment of the justice should be affirmed. It is so ordered. The other judges concur.